Mary Ellen PAYTON, Appellant,

v.

John ASHTON, Appellee.

No. 07–99–0490–CV.

Court of Appeals of Texas,
Amarillo.

Aug. 24, 2000.

Bob Blinderman, Amarillo, for appellant.

John Ashton, Amarillo, pro se.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

BRIAN QUINN, Justice.

Appealing from a take nothing judgment entered in favor of John Ashton (Ashton), Mary Ellen Payton (Payton) asserts two points of error. Through the first she alleges that the trial court "erred in denying Appellant's claims in the Final Judgment" and, in the second, that it "erred in denying Appellant a new trial." From the body of Payton's brief, we gather that she believed the trial court erred in both respects because it failed to deem admitted requests for admission allegedly served upon, but which went unanswered by, Ashton.[1] We affirm the judgment.

### *Background*

Payton sued Ashton for conversion, alleging that he disposed of personalty stored on a parcel of property. The latter had been owned by Payton but sold, through the efforts of Ashton, to an acquaintance of Ashton. As part of the sale, Payton was allegedly given permission to leave the personalty in question on the land indefinitely. Ashton disputed this, contending that the agreement merely permitted the seller a reasonable time to remove her property. So too did he testify that Payton's son informed him that all the personalty Payton desired had been removed shortly after the sale. Thereafter, Ashton disposed of the remaining personalty, allegedly believing that Payton did not want it.

Once suit was filed and issue joined, Payton drafted and forwarded, via certified mail return receipt requested, requests for admission encompassing the ele-

ments of her cause of action. However, the requests went unanswered by Ashton. Furthermore, they were returned to Payton by the United States Postal Service marked "unclaimed." What was meant by the word "unclaimed" went undeveloped, nor did anyone establish that Ashton had to do some affirmative act (such as consciously refuse the item) before the mail could be returned "unclaimed." Nor does the record contain evidence illustrating that Ashton knew or had to have known of the item before it was returned "unclaimed."

Nevertheless, Payton concluded that because the requests for admission were unanswered, they were deemed admitted. This position was urged at trial. Apparently, the trial court rejected it because it awarded judgment to Ashton and failed to grant Payton a new trial.[2]

### *Issues*

Because they both involve the same argument, we consider Payton's two issues together. And, as previously mentioned, she effectively posits that 1) Ashton's failure to answer the requests for admission resulted in those requests being deemed admitted in her favor, and 2) because deemed admissions allegedly encompassed each of the elements of her cause of action, judgment should have been entered in her favor. We disagree.

Rule 198 of the Texas Rules of Civil Procedure entitles a litigant to serve requests for admission on another party. Depending upon the time they are served, the party to whom they are addressed has 30 to 50 days to respond to them. TEX.R. CIV. P. 198.2(a). Should the receiving party's response be untimely or non-existent, then each request is deemed admitted

---

1. Ashton failed to file a brief, therefore, this appeal is submitted solely on appellant's brief.

2. Nothing of record indicates that the trial court formally addressed Payton's contention.

The trial court merely stated at trial that Ashton 'ha[d] no legal obligation to ... Payton ...' and entered judgment for Ashton.

without the necessity of a court order. *Id.* at 198.2(c).

■ Yet, before one has an obligation to answer admissions or before any inaction on the part of the individual can give rise to deemed admissions, it is axiomatic that the requests for admissions be served. Indeed, Texas Rule of Civil Procedure 198.2(a) states as much. There we are told that the responding party must answer within a certain time period *"after service* of the request". Tex.R. Civ. P. 198.2(a) (emphasis added). In utilizing the words "after service" the rule undoubtedly conditions the duty to respond upon service of the requests.

■ Next, implicit in the concept of service is the need for the party upon whom an item is served to actually receive it. We so conclude given the wording of Texas Rule of Civil Procedure 21a. Among other things, that provision informs us of the manner in which service of items such as discovery requests may be completed. And, shortly after indicating how service by mail is "complete upon deposit of the paper, enclosed in a post-paid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service" it proceeds to state that "[n]othing herein shall preclude any party from offering proof that the notice or document was not received...." Tex.R. Civ. P. 21a. If receipt of the item was not implicitly required, then there would be no reason for those who drafted Rule 21a to state that nothing precluded a party from establishing non-receipt. In other words, why should the opportunity to prove non-receipt be mentioned if, under Rule 21a, non-receipt meant nothing. And, because we must give effect to each word in a statute or rule, *Estate of Padilla v. Charter Oaks Fire Ins. Co.,* 843 S.W.2d 196, 198 (Tex. App.—Dallas 1992, writ denied), we are compelled to read Rule 21a as permitting one to prove non-receipt because receipt is an element of service.

■ Next, upon combining our interpretation of Rule 21a with that of Rule 198.2(a), we are also compelled to hold that a party's duty to respond to requests for admission is dependent upon receipt of those requests. And, because his duty does not ripen until service has been perfected (*i.e.* his receipt of them), the party cannot be made to suffer the effect of not answering or answering untimely. In short, the requests cannot be deemed admitted if service was not perfected.

■ Finally, what we have concluded above is limited to those situations wherein one presents evidence indicating that service was not perfected. This is so because without such evidence, compliance with Rule 21a creates a presumption of receipt. *Thomas v. Ray,* 889 S.W.2d 237, 238 (Tex. 1994); *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987). Evidence of non-receipt, however, negates it. *Id.* So, unless evidence of non-receipt is tendered, we must presume that service was perfected and the document was received.

■ With the foregoing said, we turn to the circumstances at hand. The record contains evidence showing that the requests for admission were indeed mailed by Payton to Ashton via United States certified mail, return receipt requested. So too does the record contain evidence illustrating that they were returned "unclaimed." Whether they were unclaimed because Ashton opted not to receive them (intentionally or otherwise) or whether he even knew of their existence went undeveloped. *See Gonzales v. Surplus Ins. Serv.,* 863 S.W.2d 96, 101–102 (Tex.App.-Beaumont 1993, writ denied) (holding that constructive notice of a document can be imputed to one where there exists evidence that the person has engaged in "selective refusal/acceptance" of certified mail). Nevertheless, that they were returned unclaimed constitutes some evidence upon which the trial court could have concluded that Ashton did not receive them. *See id.* at 101 (stating that the determination of a procedural fact, such as whether one re-

ceived notice, lies within the sound discretion of the trial court). As such, it also negates the presumption of receipt created by Rule 21a. And, since nothing of record depicts that Ashton received the requests through some other means of service, a basis exists upon which the trial court could have concluded that Ashton's duty to respond never ripened. Finally, because the court could have held that the duty to respond never ripened, it could also have concluded that Ashton's failure to respond did not result in the requests being admitted pursuant to Rule 198.2(c).[3]

For the reasons mentioned above, the trial court's failure to deem the requests to have been admitted and the entry of judgment favoring Payton was not error. Accordingly, we affirm the judgment.

**3.** We speak hypothetically because, again, the record fails to reveal the grounds upon which the trial court apparently rejected Payton's contention that the requests for admission should be considered admitted. Furthermore, whether to permit the withdrawal of deemed admissions lies within the trial court's discretion. *National Casualty Co. v. Lane Express, Inc.*, 998 S.W.2d 256, 260 (Tex. App.-Dallas 1999, pet. denied); *Ruiz v. Nicolas Trevino Forwarding Agency, Inc.*, 888 S.W.2d 86, 88 (Tex.App.-San Antonio 1994, no writ). Additionally, a decision is not considered an abuse of discretion if supported by any theory appearing in the record, even if unmentioned by the court or litigants. *Worford v. Stamper*, 801 S.W.2d 108 (Tex.1990). So, given the standard of review, we are obligated to affirm upon any ground which we can divine from the record.