Deborah Louise **ROBERTS**, Appellant,

v.

Mark **ROBERTS**, Appellee.

No. 13–02–00025–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 13, 2003.

Maria Estella Perez, Harlingen, for Appellant.

D. Allan Erwin, Jr., Roerig, Oliveira & Fisher, Brownsville, for Appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and AMIDEI.[1]

**OPINION**

Opinion by Chief Justice ROGELIO VALDEZ.

Deborah Louise Roberts, plaintiff below, appeals a take-nothing summary judgment in a case she filed against her ex-husband, Mark Roberts, for invasion of privacy. The trial court granted appellee's no-evidence motion for summary judgment after appellant failed to file a response to the motion.

We affirm the judgment of the trial court.

*Factual and Procedural Background*

Appellee filed and served his no evidence motion for summary judgment on September 4, 2001. According to the clerk's record, the court set the summary judgment for hearing by fiat signed on September 17, 2001, and mailed to counsel on September 18, 2001. Both the motion for summary judgment and the fiat indicate service on appellant's counsel, Maria Estella Perez, at her office address. The hearing was set for October 10, 2001. The appellant failed to file a response to the summary judgment, and the trial court granted the no evidence summary judgment on October 12, 2001.

On November 9, 2001, appellant filed a motion to set aside the summary judgment contending that counsel did not receive notice of the motion for summary judgment or the hearing date. According to appellant's counsel, she received a copy of the signed order granting summary judgment on October 22, 2001. The signed order indicates service on counsel at her home address.

Appellant's motion to set aside the summary judgment contends simply that she

did not receive notice of the summary judgment or the hearing date. The motion is neither verified nor is it supported by affidavit or other evidence.

Appellee filed a response to appellant's motion to set aside the summary judgment. This response includes an affidavit from Eloy Jaimes, the postal service carrier who attempted to serve Perez with certified mail. According to Jaimes, Perez did not claim some of her mail, refused to accept some of her mail, and informed him that "she would not be accepting any certified mail." According to the appellee's summary judgment evidence, Perez refused to accept service of the summary judgment motion.

At the hearing on appellant's motion to set aside the summary judgment, Perez did not offer documentary evidence or sworn testimony. Perez argued that she did not receive the motion for summary judgment or fiat because she had been ill and had been working from her home rather than from her office. Perez told the court that she had not been working from her office since April 2001 due to three strokes, peritoneal surgery, and eye surgery. Perez argued that she had given opposing counsel verbal notice in a related case that, although she continued to pay rent at her office, he should send mail to her home address rather than her office. Perez did not recall having a conversation with the postal carrier who serviced her office.

The trial court refused to set aside the no evidence summary judgment, stating in the order that the court was "satisfied that due notice of filing of such Motion and of the hearing thereon was given."

On appeal, appellant raises five issues contending that: (1) the trial court committed error subject to review by the appellate court by a writ of error; (2) the trial court erred in granting a summary judgment to appellee and denying appellant her constitutional right to due process; (3) the trial court erred in granting the summary judgment because appellant did not receive the required notice, *see* TEX.R. CIV. P. 21a, 166a(c); (4) the trial court erred as a matter of law when it relied on misinformation and misstatements by appellee's attorney in denying appellant her rightful day in court; and (5) the trial court erred when it ruled that appellant's cause of action was dismissed because she had violated the civil practice and remedies code, *see* TEX. CIV. PRAC. & REM.CODE § 30.015 (Vernon Supp.2003) (governing counsel's requirement to furnish the court and parties with address changes in civil actions).

*Analysis*

Appellant's motion to set aside the judgment was unsupported by any evidence whatsoever. Even assuming that the trial court could consider counsel's unsworn argument regarding her lack of notice of the summary judgment and her excuse for failing to file a response, we cannot say that the trial court abused its discretion in refusing to set aside the summary judgment given the direct and uncontroverted testimonial evidence concerning Perez's refusal to accept her certified mail. We conclude that the trial court acted within its discretion in determining that appellant received constructive notice of the summary judgment and fiat. *See Rabie v. Sonitrol of Houston, Inc.*, 982 S.W.2d 194, 197 n. 3 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (citing *Gonzales v. Surplus Ins. Serv.*, 863 S.W.2d 96, 102 (Tex.App.-Beaumont 1993, writ denied)) (selective acceptance and refusal of certified mail evidencing a purposeful attempt to avoid service can constitute constructive notice of summary judgment).

We would reach the same result even if counsel had properly requested leave to

file a late response to the motion for summary judgment. Appellant's unverified and unsupported motion to set aside the judgment neither establishes that appellant's failure to respond was unintentional and not the result of conscious indifference, but the result of an accident or mistake, nor does it establish that allowing a late response would not have injured or unduly delayed the moving party. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688-89 (2002) (holding that the *Craddock* standard does not apply to a motion for new trial following summary judgment where the respondent received notice of the summary judgment before judgment was rendered); *see Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939).

Accordingly, we affirm the judgment of the trial court.