COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-184-CV
 
  
WILLIAM 
LANE ETHEREDGE, JR.                                             APPELLANT
   
V.
   
HIDDEN 
VALLEY AIRPARK                                                        APPELLEE
ASSOCIATION, 
INC.
 
  
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
OPINION ON REHEARING
 
------------
 
        After 
reviewing Appellee Hidden Valley Airpark Association, Inc.’s motion for 
rehearing, we deny the motion. We withdraw our June 2, 2005 opinion and judgment 
and substitute the following in their place.
I. INTRODUCTION
        Appellant 
William Lane Etheredge, Jr. appeals the trial court’s grant of summary 
judgment in favor of appellee Hidden Valley Airpark Association, Inc. (“HVAA”). 
Because the face of the record shows that the trial court erred by granting 
summary judgment despite Etheredge’s lack of notice of the summary judgment 
motion and hearing, we will reverse and remand.
II. BACKGROUND
        In 
1989, Etheredge bought lot 6a in the Hidden Valley Estate subdivision. HVAA, a 
Texas nonprofit corporation, operates and maintains an airstrip, clubhouse, 
private lake, and other facilities related to the Hidden Valley Estate 
subdivision. HVAA admitted Etheredge as a member, and he commenced paying dues 
and assessments. In 1991, Etheredge decided to build an airplane hangar on his 
property, and he began construction after HVAA and the town of Shadyshores 
approved his plans. Following complaints from neighbors that the structure being 
built was dissimilar from the approved plans, Etheredge met with HVAA’s board 
of directors to explain the changes. On August 7, 1991, the members of HVAA and 
Etheredge reached a compromise, approved at a special meeting of the HVAA 
membership, regarding the construction of the hangar.
        Nearly 
four years later, on May 31, 1995, Etheredge inexplicably notified HVAA that he 
intended to cease paying dues until he had recouped approximately $4,200, 
claiming that he incurred that amount due to delays in construction during the 
1991 dispute over the hangar. The compromise reached in 1991 contains no mention 
of recoupment of costs. Etheredge asserted that he would resume paying dues 
sometime in 2002, when he had recouped the $4,200. HVAA did not respond to 
Etheredge’s intention to withhold dues. In March 2002, after Etheredge began 
paying dues again, HVAA’s attorney sent him a letter stating that HVAA had 
applied his recent payments to his unpaid dues invoices and demanding $5,210 in 
past due fees and assessments and $250 in attorney’s fees. In response, 
Etheredge stopped paying dues altogether.
        HVAA 
then sued Etheredge in January 2003 for defaulting on his obligation to pay dues 
and assessments. Upon being served with the lawsuit, Etheredge sent a letter to 
the district clerk asserting that he was not in default. Etheredge sent a second 
letter to the district clerk explaining that he had withheld dues payments to 
offset additional construction costs incurred during the airplane hangar 
dispute. Etheredge never hired an attorney, instead choosing to proceed pro se.
        Several 
months later, HVAA sent Etheredge a request for admissions via certified mail, 
return receipt requested, postmarked September 19, 2003, to the return address 
listed on Etheredge’s letters to the district clerk. The request for 
admissions was returned “unclaimed.” HVAA next filed a motion for summary 
judgment, set it for hearing on December 18, 2003, and sent the motion and 
notice of hearing to the same address via certified mail, return receipt 
requested, postmarked November 4, 2003. Again, this mailing was returned 
“unclaimed.”
        On 
December 18, 2003, the trial court conducted a hearing on HVAA’s motion for 
summary judgment, at which Etheredge did not appear. The trial court granted the 
motion and signed a judgment in favor of HVAA. In its judgment, the trial court 
found that Etheredge had been properly served with HVAA’s requests for 
admissions and with HVAA’s motion for summary judgment and notice of hearing. 
Etheredge filed no postjudgment motions or notice of appeal until June 16, 2004, 
when he filed this restricted appeal.
III. RESTRICTED APPEAL
        A 
restricted appeal is a procedural device available to a party who did not 
participate, either in person or through counsel, in a hearing that resulted in 
a judgment against the party. Tex. R. App. P. 30. The party must not 
have timely filed a postjudgment motion, request for findings of fact and 
conclusions of law, or a notice of appeal.  Id.  In this 
situation, a party may institute a restricted appeal by filing a notice of 
appeal within six months after the judgment is signed.  See Tex. R. App. P. 26.1(c).
        Specifically, 
a direct attack on a judgment by restricted appeal must (1) be brought within 
six months after the trial court signs the judgment (2) by a party to the suit 
(3) who did not participate in the actual trial, and (4) the error complained of 
must be apparent from the face of the record.  Norman Communications v. 
Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997).[1]  
These requirements should be liberally construed in favor of the right to 
appeal.  Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985).  
The parties agree that the first three elements of the restricted appeal 
requirements have been met and that the focus of this appeal is whether error is 
apparent on the face of the record.
A.     Notice of 
Motion for Summary Judgment
        In 
his first issue, Etheredge argues that the trial court erred in concluding that 
he received actual and constructive notice of HVAA’s motion for summary 
judgment and the summary judgment hearing setting. The Texas Rules of Civil 
Procedure require motions for summary judgment and notices of hearings to be 
served on all parties of record. Tex. R. 
Civ. P. 21, 166a(c).  Rule 166a gives the nonmovant the right to 
have minimum notice of the hearing on a motion for summary judgment.  See 
Lewis v. Blake, 876 S.W.2d 314, 315 (Tex. 1994).  Lack of notice to the 
nonmovant of the summary judgment hearing violates the nonmovant’s due process 
rights.  See Smith v. Mike Carlson Motor Co., 918 S.W.2d 669, 672 
(Tex. App.—Fort Worth 1996, no writ) (citing Peralta v. Heights Med. Ctr., 
Inc., 485 U.S. 80, 84-85, 108 S. Ct. 896, 899 (1988); Lopez v. Lopez, 
757 S.W.2d 721, 723 (Tex. 1988); Mosser v. Plano Three Venture, 893 
S.W.2d 8, 12 (Tex. App.—Dallas 1994, no writ)).
        A 
document may be served on a party by delivering a copy via certified or 
registered mail to the party’s last known address.  Tex. R. Civ. P. 21a.  Service by 
mail is complete upon deposit of the document, enclosed in a postpaid, properly 
addressed wrapper, in a post office or official depository under the care and 
custody of the United States Postal Service. Id. A certificate by a party 
or an attorney of record is prima facie evidence of the fact of service. Id. 
Accordingly, Rule 21a creates a presumption that a notice of hearing setting, 
when properly mailed, was received by the addressee.  See Cliff v. 
Huggins, 724 S.W.2d 778, 780 (Tex. 1987).
        However, 
the opposing party may rebut this presumption by offering proof that the notice 
or document was not received.  Id.; see also Tex. R. Civ. P. 21a (“Nothing [in Rule 
21a] shall preclude any party from offering proof that the notice or instrument 
was not received . . . .”).  Here, it is apparent on the face of the 
record that Etheredge did not receive notice either of the motion for summary 
judgment or of the hearing on the motion: an affidavit of HVAA’s attorney 
filed with the trial court in support of HVAA’s motion for summary judgment 
states that the envelope containing copies of HVAA’s motion for summary 
judgment and the fiat setting the motion for hearing was returned bearing a 
stamp in red ink indicating that the envelope was unclaimed by the 
addressee.  The affidavit attaches a copy of the envelope, which is stamped 
“UNCLAIMED.”
        HVAA 
argues that proper service by mail under Rule 21a does not depend upon actual 
receipt by the addressee and that all Rule 21a requires of a serving party is to 
deposit the document in the mail.  We disagree.  “[I]mplicit in the 
concept of service is the need for the party upon whom an item is served to 
actually receive it.”  Payton v. Ashton, 29 S.W.3d 896, 898 (Tex. 
App.—Amarillo 2000, no pet.); see also Wembley Inv. Co. v. Herrera, 
11 S.W.3d 924, 928 (Tex. 1999) (concluding that nonmovant had not been served 
with motion of nonsuit when presumption of receipt raised by certificate of 
service was rebutted by evidence of nonreceipt).  If not, “then there 
would be no reason for those who drafted Rule 21a to state that nothing 
precluded a party from establishing non-receipt.”  Payton, 29 
S.W.3d at 898.  Accordingly, a notice of hearing setting sent by certified 
mail and returned “unclaimed” does not provide the notice required by Rule 
21a.  Tanksley v. CitiCapital Commercial Corp., 145 S.W.3d 760, 764 
(Tex. App.—Dallas 2004, pet. denied); see also Payton, 29 S.W.3d 
at 898-99 (holding that trial court did not err in refusing to deem unanswered 
requests for admissions admitted because requests had been returned to sender 
unclaimed); Rabie v. Sonitrol of Houston, Inc., 982 S.W.2d 194, 197 (Tex. 
App.—Houston [1st Dist.] 1998, no pet.) (holding that motion for summary 
judgment and notice of motion’s submission sent by certified mail but returned 
unclaimed did not provide nonmovant with due notice).
        Even 
when a party does not receive actual notice, if the serving party has complied 
with the requirements of Rule 21a, “constructive notice” may be established 
if the serving party presents evidence that the intended recipient engaged in 
instances of selective acceptance or refusal of certified mail relating to the 
case, see Gonzales v. Surplus Ins. Servs., 863 S.W.2d 96, 102 
(Tex. App.—Beaumont 1993, writ denied), overruled on other grounds, Carpenter 
v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682 (Tex. 2002), or that the 
intended recipient refused all deliveries of certified mail, see Roberts v. 
Roberts, 133 S.W.3d 661, 663 (Tex. App.—Corpus Christi 2003, no 
pet.).  Here, even though the presumption of receipt was rebutted by 
evidence that the notice of hearing was returned “unclaimed,” HVAA presented 
no evidence that Etheredge dodged or refused delivery of certified mail.  
Accordingly, constructive notice of the summary judgment hearing could not be 
imputed to Etheredge.  See Pessel v. Jenkins, 125 S.W.3d 807, 
810 (Tex. App.—Texarkana 2004, no pet.) (holding that trial court erred in 
determining that defendants received notice of trial setting when notice was 
returned unclaimed and plaintiffs offered no proof of “selective 
acceptance/refusal” of certified mail).  Because the face of the record 
shows that Etheredge received neither actual nor constructive notice of HVAA’s 
motion for summary judgment and the hearing on the motion, we sustain 
Etheredge’s first issue.
B.     Notice of 
Request for Admissions
        Etheredge 
argues in his second issue that the trial court also erred in concluding that he 
received actual and constructive notice of HVAA’s request for 
admissions.  Again, the presumption of receipt was rebutted by proof on the 
face of the record that Etheredge did not receive the request for admissions: an 
affidavit of HVAA’s attorney filed with the trial court in support of HVAA’s 
motion for summary judgment states that the envelope sent to Etheredge 
containing the requests for admissions was returned unclaimed and attaches a 
copy of the envelope, which is stamped “UNCLAIMED.”  See Payton, 
29 S.W.3d at 898.  And again, without evidence in the record that Etheredge 
dodged or refused delivery of certified mail, constructive notice of the request 
for admissions cannot be imputed to him.  See Pessell, 125 S.W.3d at 
810; Roberts, 133 S.W.3d at 663.  We sustain Etheredge’s second 
issue.
C.     Effect of 
Lack of Notice on Trial Court’s Grant of Summary Judgment
        Etheredge 
argues in his third issue that, because he did not receive proper notice of the 
summary judgment hearing, the trial court’s grant of summary judgment was 
improper.  Because summary judgment is a harsh remedy, we must strictly 
construe the notice requirements of the rule.  See Int’l Ins. Co. v. 
Herman G. West, Inc., 649 S.W.2d 824, 825 (Tex. App.—Fort Worth 1983, no 
writ).  The movant must comply with all the requirements of Rule 166a 
before being entitled to summary judgment, and proper notice to the nonmovant of 
the summary judgment hearing is a prerequisite to summary judgment.  Id.; 
Rozsa v. Jenkinson, 754 S.W.2d 507, 509 (Tex. App.—San Antonio 1988, no 
writ).  Accordingly, because Etheredge received neither actual nor 
constructive notice of the summary judgment hearing, the trial court erred by 
granting HVAA’s motion for summary judgment without notice to Etheredge.  
See Martin v. Martin, Martin & Richards, Inc., 989 S.W.2d 357, 359 
(Tex. 1998); Rozsa, 754 S.W.2d at 509.
        Contrary 
to HVAA’s argument, our conclusion that Etheredge was not served with proper 
notice of the summary judgment motion and hearing and request for admissions is 
not guided by improper considerations of equitable grounds under the Craddock 
standard for motions for new trial.  See Craddock v. Sunshine Bus Lines, 
Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939).  Instead, without 
regard to equitable principles, we look solely to the issue of whether the 
record shows that the trial court erred by finding that Etheredge had proper 
notice of the motion and hearing.  See Norman Communications, 
955 S.W.2d at 270.  The affidavits of HVAA’s counsel and the copies of 
the envelopes stamped “UNCLAIMED” provide this showing on the face of the 
record.  Accordingly, we sustain Etheredge’s third issue.[2]
IV. CONCLUSION
        Because 
we hold that the trial court erred by granting HVAA’s summary judgment motion 
without proper notice to Etheredge, and because evidence of this error is 
apparent on the face of the record, we reverse the trial court’s judgment and 
remand the case for proceedings consistent with this opinion.[3]
   
   
                                                          BOB 
MCCOY
                                                          JUSTICE

 
 
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DELIVERED: 
June 30, 2005


NOTES
1.  
Norman Communications refers to the appeal by “writ of error” 
procedure under the former appellate rules, which has been replaced by the 
restricted appeal.  See Tex. 
R. App. P. 30 notes and comments.
2.  
Because of our disposition of Etheredge’s first three issues on appeal, we 
need not reach his remaining issues.  See Tex. R. App. P. 47.1.
3.  
Etheredge asks to be allowed on remand to respond to HVAA’s request for 
admissions.  A party responding to a request for admissions must serve a 
written response “within 30 days after service of the request.”  Tex. R. Civ. P. 198.2(a).  Because 
receipt is implicit in the concept of service, a party’s duty to respond to 
requests for admissions is triggered upon receipt of the requests.  Payton, 
29 S.W.3d at 898.  Therefore, on remand, Rule 198.2 will allow Etheredge 
thirty days to respond upon receiving HVAA’s request for admissions unless 
HVAA establishes that Etheredge has already received constructive notice of the 
request.  See Tex. R. Civ. P. 
198.2(a); Roberts, 133 S.W.3d at 663; Payton, 29 S.W.3d at 898.