MEMORANDUM OPINION



No. 04-07-00161-CV



Manuel CANTU,


Appellant



v.



Jesse SALCEDO,


Appellee



From the 408th Judicial District Court, Bexar County, Texas


Trial Court No. 2005-CI-05417


Honorable Lori Massey, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: September 12, 2007


REVERSED AND REMANDED

 Manuel Cantu appeals the entry of a summary judgment against him. Based on the record
before us, we reverse the trial court's judgment and remand for further proceedings.

Analysis

 Jesse Salcedo sued Manuel Cantu for fraud and breach of a real estate sales contract. Salcedo
alleged that Cantu misrepresented that all liens, taxes and insurance on the property were current,
and that Cantu failed to forward several of Salcedo's mortgage payments on the 30-year note he
assumed from Cantu to the lender, Aames Funding Corporation. Cantu filed a pro se answer with
a general denial listing his address as: 23788 Mathis Rd., Elemendorf, Texas 78112. Thereafter,
Salcedo sent requests for admissions along with other discovery to Cantu at his business address at: 
23067 State Hwy 16 So., Von Ormy, Texas 78073. The copy of the certified mail, return receipt,
green card contained in the clerk's record does not show that Cantu signed for or received the
discovery. Cantu did not respond to the discovery requests. On June 19, 2006, Salcedo filed a
motion for summary judgment on his claims against Cantu, attaching the deemed admissions and
his own affidavit in support; the affidavit of his attorney was also attached in support of his claim
for attorney's fees. See Tex. R. Civ. P. 166a(a), (c). Cantu did not file a response to the summary
judgment motion, and did not appear at the summary judgment hearing. (1) The trial court granted
summary judgment in favor of Salcedo, and signed a "final" judgment on September 11, 2006,
awarding $16,912.92 in damages for breach of contract and fraud, and $33,825.88 in exemplary
damages, plus $5,250 in attorneys fees. Cantu appealed. (2) 

 Standard of Review for Traditional Summary Judgment

 We review the trial court's granting of a summary judgment de novo. Reynosa v. Huff, 21
S.W.3d 510, 512 (Tex. App.--San Antonio 2000, no pet.). Accordingly, we will uphold a traditional
summary judgment only if the summary judgment record establishes that there is no genuine issue
of material fact, and the movant is entitled to judgment as a matter of law on a ground set forth in
the motion. See Tex. R. Civ. P. 166a(c); Am. Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425
(Tex. 1997). In determining whether a disputed issue of material fact exists which precludes
summary judgment, we view as true all evidence favorable to the non-movant and indulge every
reasonable inference, and resolve all doubts, in the non-movant's favor. Nixon v. Mr. Prop. Mgmt.
Co., 690 S.W.2d 546, 548-49 (Tex. 1985). If the movant establishes his right to summary judgment
as a matter of law, the burden then shifts to the non-movant to raise fact issues that would preclude
summary judgment. Tex. Workers' Comp. Ins. Fund v. Simon, 980 S.W.2d 730, 733 (Tex.
App.--San Antonio 1998, no pet.) (citing City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979)).

 In granting summary judgment, the trial court is limited to the specific grounds set forth in
the motion. City of Houston, 589 S.W.2d at 677. If the judgment does not specify the ground relied
upon for granting summary judgment, the judgment must be affirmed if any of the grounds in the
motion have merit. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). An appellant must
attack every ground upon which summary judgment could have been granted to obtain a reversal. 
Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). A summary judgment must stand
where it may have been based on a ground not specifically challenged and where there is no general
issue on appeal claiming the trial court erred in granting summary judgment. Id.; see also Fetty v.
Miller, 905 S.W.2d 296, 299 (Tex. App.--San Antonio 1995, writ denied). Unless an appellant has
specifically challenged every possible ground for summary judgment, the appellate court need not
review the merits of the challenged ground and may affirm on an unchallenged ground. Gamboa v.
Shaw, 956 S.W.2d 662, 665-66 (Tex. App.--San Antonio 1997, no writ).

 Application

 Here, Cantu has challenged all grounds for granting the summary judgment. Specifically,
Cantu raises two issues: (1) there is no proof he received the requests for admissions, and there is
no presumption he received them because they were mailed to the wrong address; therefore, the
requests were not "deemed" admitted under Tex. R. Civ. P. 198.2(c); and (2) the only other evidence
submitted in support of Salcedo's summary judgment motion, his personal affidavit, is insufficient
because it is conclusory. We will address each issue in turn.

 Deemed Admissions

 Salcedo affirmatively represented in his motion for summary judgment that Cantu "did
receive and sign for the requests [for admissions] as proved by the return receipt card." He
references Exhibits 1 and 2 to his summary judgment motion as evidence supporting that statement
of fact. Exhibit 1 is a copy of the requests for admissions addressed to Cantu at the Von Ormy
address. Exhibit 2 consists of a copy of the cover letter enclosing the requests for admissions
addressed to Cantu at the Von Ormy address, an illegible copy of the envelope, and an incomplete
copy of a certified mail return receipt green card addressed to Cantu at the Von Ormy address. Only
half of the green card is copied, and it does not show Cantu's signature. (3) Thus, the summary
judgment record does not contain any proof that Cantu received the requests for admissions. See
Retzlaff v. McDonald, Nos. 03-03-00319-CV and 03-03-00320-CV, 2004 WL 524467, at *2 (Tex.
App.--Austin Mar. 18, 2004, no pet.) (request for admission must actually be served on party in
order to trigger obligation to respond, and to permit admissions to be deemed if no response is
made); see also Payton v. Ashton, 29 S.W.3d 896, 898 (Tex. App.--Amarillo 2000, no pet.) (same).

 In addition, the requests for admissions were not mailed to the Elmendorf address listed in
Cantu's pro se answer, which was Cantu's "last known address"as reflected in the record before us
at the time the requests for admissions were mailed. In fact, the pleadings filed by Cantu both before
and after the requests for admissions, consisting of his answer and two motions for continuance, all
reflect the Elmendorf address. Therefore, Salcedo's mailing of the requests for admissions to the
Von Ormy address, and his attorney's certificate of service, did not create a presumption that the
requests were in fact received by Cantu. (4)
 See Tex. R. Civ. P. 21a (service may be accomplished by
mailing the document to the party's last known address and certificate of service is prima facie
evidence of the fact of service); see also Thomas v. Ray, 889 S.W.2d 237, 238 (Tex. 1994 ) (orig.
proceeding) (mailing a properly addressed, postage prepaid, letter creates a presumption that the
notice was duly received by the addressee).

 Finally, Salcedo asserts that Cantu should be deemed as having received "constructive
notice" of the requests for admissions because he engaged in a "pattern of selective acceptance and
refusal of certified mail relating to the case." See Gonzales v. Surplus Ins. Serv., 863 S.W.2d 96,
101-02 (Tex. App.--Beaumont 1993, writ denied), overruled in part on other grounds, Carpenter
v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682 (Tex. 2002) (holding that constructive notice of
a document can be imputed where there exists evidence that the person has engaged in "selective
refusal/acceptance" of certified mail). There is nothing in the record before us, however, that shows
Cantu engaged in such conduct.

 Accordingly, as the record does not show the requests for admissions were properly
addressed to Cantu, or were in fact received by him, there was no basis for deeming the requests
admitted under Rule 198.2(c), and the summary judgment cannot be sustained on the basis of the
deemed admissions. See Tex. R. Civ. P. 198.2(c); see, e.g., Retzlaff, 2004 WL 524467, at *2-3;
Payton, 29 S.W.3d at 898.

 Plaintiff's Affidavit

 Apart from the deemed admissions, the only other basis for granting summary judgment in
favor of Salcedo was his personal affidavit. Cantu contends that Salcedo's affidavit is conclusory,
and provides no factual basis for his assertions that he made all the payments to Cantu, and Cantu
failed to forward them to the lender. We agree. Conclusory statements in an affidavit are not proper
summary judgment evidence. See Tex. R. Civ. P. 166a(f) (supporting affidavit must set forth such
facts as would be admissible in evidence); see also Ryland Group, Inc. v. Hood, 924 S.W.2d 120,
122 (Tex. 1996) (per curiam). A conclusory statement is one that does not provide the underlying
facts to support the conclusion. 1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital,
192 S.W.3d 20, 27 (Tex. App.--Houston [14th Dist.] 2005, pet. denied) (conclusory statements in
affidavit unsupported by facts are insufficient to support summary judgment). To serve as competent
summary judgment proof under Tex. R. Civ. P. 166a(c), an affidavit of an interested party must be
"clear, positive, direct, credible, free from contradiction, and susceptible of being readily
controverted." Haynes v. City of Beaumont, 35 S.W.3d 166, 178 (Tex. App.--Texarkana 2000, no
pet.); see Ryland, 924 S.W.2d at 122 (conclusory affidavits "are not credible, nor susceptible to being
readily controverted"). An affidavit that makes self-serving, conclusory statements without any
underlying factual detail cannot support a summary judgment. Haynes, 35 S.W.3d at 178. Finally,
an objection that an affidavit is conclusory is an objection to substance that may be raised for the first
time on appeal. Id. 

 Here, Salcedo's affidavit contains the conclusory statement, "We have made all payments
required to be made and have been forwarding those payments to Defendant Cantu or have been
made directly to Aames [sic]," but does not provide any underlying facts as to the amounts, dates and
number of such alleged payments; further, no copies or other proof of such payments is attached to
the affidavit. See Tex. R. Civ. P. 166a(f). Salcedo also fails to provide any underlying facts to
support his opinion that he has been damaged "by having to pay an additional $16,912.92 due to Mr.
Cantu's false representations . . . and because Mr. Cantu failed to forward payments that we made
to him to the bank." We conclude Salcedo's affidavit is conclusory as to his claims for fraud and
breach of contract, and as such cannot support the summary judgment. In addition, without the
deemed admissions, there is nothing in the record to support the award of exemplary damages
against Cantu. Salcedo's affidavit is wholly conclusory as to his claim for exemplary damages
based on intentional conduct by Cantu, merely stating, "[h]is fraud committed was clearly a result
of an [sic] malicious intent to induce us into this contract and obtain the $48,000 cash down
payment. . . ."

 We conclude that Salcedo failed to establish his right to summary judgment as a matter of
law on his claims for fraud and breach of contract, as well as his entitlement to exemplary damages. 
Accordingly, we reverse the trial court's judgment and remand this cause to the trial court for further
proceedings.


 Phylis J. Speedlin, Justice


1. Both the appellant's and appellee's briefs state that Cantu appeared late, after the trial judge had already
granted the summary judgment and signed the order.
2. Both parties brief this appeal as a restricted appeal from a default judgment because Cantu did not timely
appear at the hearing at which the summary judgment order was signed. See Tex. R. App. P. 30. However, the record
reflects that the trial court's summary judgment order was interlocutory because it did not dispose of defendant Aames
Funding Corporation, and that Cantu's March 6, 2007 notice of appeal was therefore timely in that it was filed before
the judgment became final and appealable on May 4, 2007. See Tex. R. App. P. 27.1, 27.2. Accordingly, we will analyze
this appeal as a timely direct appeal of a summary judgment. 
3. Both parties attached various documents to their briefs as exhibits, including legible copies of the entire green
card; however, we may not consider any of those documents, including the affidavit of counsel, because they are not part
of the appellate record. See Tex. R. App. P. 34.1 (appellate record consists of clerk's record and, if necessary to the
appeal, the reporter's record); Castano v. San Felipe Agric., Mfg., & Irr. Co., 147 S.W.3d 444, 453 (Tex. App.--San
Antonio 2004, no pet.). Moreover, even if we could consider the legible copy of the green card, it does not in fact show
Cantu's signature as receiving the requests for admissions. We note that appellee complains in his brief that appellant
did not provide this court with a complete appellate record. However, appellee's remedy was to request a supplemental
clerk's record pursuant to Rule 34.5. See Tex. R. App. P. 34.5(b), (c). 
4. Attached to Salcedo's brief are copies of correspondence addressed to Cantu at the Von Ormy location, and
copies of signed green cards showing Cantu's receipt; as previously noted, these documents are not part of the appellate
record and we may not consider them in resolving this appeal.