

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00399-CV

EX PARTE D.S.

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2018-530,527, Honorable Bradley S. Underwood, Presiding

May 15, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This is an appeal from an order granting the petition of D.S. to expunge.  We affirm the decision of the trial court.

*Background*

The abbreviated record indicates that in March of 2012, D.S. was stopped and subsequently arrested for driving a motor vehicle while intoxicated.[1]  Sometime after her arrest, law enforcement authorities were "inventorying [her] property for the jail" when

---

[1] According to the State, "[t]he parties *stipulated* to the following facts: (a) D.S. was arrested for driving while intoxicated on March 18, 2012 . . . ."  (Emphasis added).  Though no such stipulation was found and the record reference cited in support of its statement was inaccurate, it appears that the State may have been acknowledging that the trial court implicitly found that to be true.

they found a plastic baggy within a Tylenol bottle. The baggy allegedly contained a controlled substance falling within penalty group 1.

Once D.S. arrived at the police station, she requested the opportunity to use the bathroom. It was denied her. That resulted in her urinating on herself and the floor of the station. We mention this because the arresting officer eventually executed a "Field Reporting Supplemental Report" alluding to three criminal accusations against D.S.; those offenses were DWI, possessing a penalty group 1 controlled substance, and criminal mischief for urinating. Of those three, D.S. was prosecuted for and convicted of only one, that being the offense of driving while intoxicated. This apparently occurred per a plea bargain and resulted in a 120-day jail sentence which the trial court suspended. Nothing became of the other charges, and the record does not illustrate why.

In May of 2018, D.S. filed a petition for expunction wherein she sought to expunge her arrest for possessing the controlled substance.[2] An evidentiary hearing was held. At its end, the trial court said "I say we test [the law of expunction] again. I'm granting the expunction only as to the charges that were brought by the law enforcement agency . . . dealing with controlled substances. I am not touching the DWI or anything related to the DWI other than how this relates during the booking process." Its "Order Granting Expunction of Criminal Records" memorialized that decision.

*Discussion*

The State appealed. In doing so, it argued as follows:

the trial court misinterpreted the expunction statute to allow for the destruction of some charges stemming from a single arrest, even though

---

[2] The petition actually alluded to the expunction of "the records and files relating to his May 26, 2014, arrest for State Jail Felony organized crime and Class A misdemeanor theft of property." Apparently, this was a typo.

that arrest resulted in a sentence of probation. The trial court interpreted Article 55.01 of the Code of Criminal Procedure based on an "offense-based approach," when the plain language of various provisions of Chapter 55—including Article 55.01—does not support an "offense-based approach," but rather an "arrest-based approach."

Various opinions, including those issued from this court, were cited in support of its argument. Yet, all preceded 2018. In May of 2018, the Texas Supreme Court issued *State v. T.S.N.*, 547 S.W.3d 617 (Tex. 2018), holding therein that "[t]o the extent the courts of appeals have stated that article 55.01 is entirely arrest-based, we disagree." *Id.* at 623. "Article 55.01 is neither entirely arrest-based nor offense-based." *Id.* The State did not offer us its view on the effect of those words upon the situation at bar. Nor did it address the post-2018 opinions citing or following *T.S.N.* This may be of no consequence since our resolution of the appeal does not depend upon the essence of *T.S.N.* or whether the trial court should have utilized an arrest-based analysis. This is so because the standard of review is one of abused discretion. *T.S.N.*, 547 S.W.3d at 620. It obligates us to affirm the trial court's decision on any legitimate ground supported by the record. *Duchene v. Hernandez*, 535 S.W.3d 251, 255 (Tex. App.—El Paso 2017, no pet.); *Payton v. Ashton*, 29 S.W.3d 896, 899 n.3 (Tex. App.—Amarillo 2000, no pet.).

Section (a) of article 55.01 of the Texas Code of Criminal Procedure states that a "person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if . . . ." Tex. Code Crim. Proc. Ann. art. 55.01(a) (West 2018). The "if" then describes two scenarios. It is the second we apply here.[3] Per subsection (a)(2),

---

[3] The first involves the statutory subsection found at article 55.01(a)(2)(A)(i)(c) of the Code of Criminal Procedure. It reads, "regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person

3

expunction may occur if the applicant "has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, *provided that* . . . ." *Id.* art. 55.01(a)(2). (Emphasis added). In turn, multiple scenarios follow the phrase "provided that." Which applies at bar was something neither party mentioned below or here. Yet, we see one that does, given the specific circumstances at bar. It encompasses a situation wherein the "prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired." *Id.* art. 55.01(a)(2)(B).

Again, the controlled substance in question fell within penalty group 1. Possession of a controlled substance in that penalty group is a felony to which a specific limitations period was and is not assigned. Consequently, the applicable limitations period is that within which "all other felonies" fall, or three years. *See id.* art. 12.01(7) (West Supp. 2018); *Ex parte Adil*, No. 07-10-0215-CV, 2011 Tex. App. LEXIS 3415, at *2 n.4 (Tex. App.—Amarillo May 5, 2011, no pet.) (mem. op.). Because more than three years lapsed between the March 2012 incident and the date D.S. petitioned for expunction, limitations has lapsed on the controlled substance charge at bar, and the State cannot prosecute it.

As for the contention that the trial court was obligated to use the arrest-based approach when assessing if expunction were appropriate, we find the answer from the

---

with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested . . . has not been presented against the person at any time following the arrest, and . . . at least three years have elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a felony or if there was a felony charge arising out of the same transaction for which the person was arrested . . . ." *Id.* art. 55.01(a)(2)(A)(i)(c). Interestingly, neither party informed us under which provision the trial court acted or D.S. sought expunction.

hearing. After the litigants presented their evidence and argument, the State asked the trial court 1) "for just an oral finding on the record to clear this up" and 2) "[a]re you finding that this was two arrests?" The trial court said: "Yes." The prosecutor then questioned whether "[y]ou're finding that there were two separate arrests here?" The reply differed somewhat. This time the trial court said: "I am finding that either there were two arrests or there was no arrest on the [controlled substance]."

If there were two arrests, as alternatively found by the court, one was for driving while intoxicated and the other for possessing a controlled substance. Again, the latter contraband was discovered while the officers were inventorying D.S.'s property "for the jail." If her property was undergoing inventory "for the jail," it would be reasonable to infer that she had been arrested by then and before the alleged contraband was found. So, evidence would support the trial court's finding of two distinct arrests, and more importantly, the State did not attack this finding on appeal.[4] Given this then, the "arrest" contemplated by article 55.01(a)(2)(B) would be the one tied to the controlled substance charge, as opposed to that for DWI. Being so tied, we cannot see how the trial court erred in the manner the State accused it of erring. Assuming *arguendo* that the trial court was obligated to apply an arrest-based analysis, it did just that. The controlled substance charge arose from the distinct arrest occurring after the officers conducted their inventory of D.S.'s property "for the jail." And, the trial court expunged reference to the only charge emanating from that distinct arrest, i.e., the alleged possession of controlled substances.

---

[4] Nor did the State argue that irrespective of the evidence, the law somehow obligated the trial court to interpret this continuum of events as only one arrest.

On the other hand, if there were no arrest linked to the discovery of the controlled substance (as the trial court found in the alternative) then no application of article 55.01 can bar expunction. This is so because that statute regulates the expunction of records and charges emanating from "the arrest." *See* Tex. Code Crim. Proc. Ann. art. 55.01(a) (stating that "[a] person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest"). So, if article 55.01 requires an arrest and no arrest occurred in relation to the controlled substance charge, then the trial court could hardly be accused of violating the terms of article 55.01.[5]

As said before, the standard of review obligates us to affirm the trial court's decision on any ground supported by the law. We encountered one arising from the two-arrests finding by the trial court. Though that was not a subject of discussion by the State on appeal, it nonetheless supports what the trial court did; so, we must affirm on that basis. And, to the extent that the State complains about the difficulties in purging governmental records of the controlled substance accusation in circumstances like those at bar, we return to the words of *T.S.N.* "We recognize that there are practical difficulties posed by partial expunctions and redactions. But given the Legislature's demonstrated acceptance of selective redaction and expunction of records as valid remedial actions, the arguments of the State . . . do not convince us." *T.S.N.*, 547 S.W.3d at 624.

---

[5] Conceivably, article 55.01's lack of application if no arrest occurred could be problematic. Expunction is a creature of statute, not a common law or constitutional right. *See Ex parte L.M.W.*, No. 12-18-00324-CV, 2019 Tex. App. LEXIS 3274, at *4 (Tex. App.—Tyler Apr. 24, 2019, no pet. h.) (mem. op.). So, if article 55.01 were inapplicable because D.S. were never arrested for allegedly possessing a controlled substance, one could wonder about the legal basis underlying her demand to remove reference to that purported crime from governmental records. Yet, we need not dwell on that since the State neither briefed the topic nor otherwise suggested that expunction was improper because she was never arrested in general or for allegedly possessing a controlled substance.

The trial court's order granting the application for expunction filed by D.S. and ordering expunction is affirmed.

Brian Quinn
Chief Justice