

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-21-00004-CV
_____

CAROLYN STRONG, APPELLANT

V.

CAROL BROOKS AND JOHN BROOKS, APPELLEES

On Appeal from the 20th District Court
Milam County, Texas[1]
Trial Court No. CV38931, Honorable John Youngblood, Presiding

January 26, 2022

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant Carolyn Strong, proceeding pro se, raises five issues challenging the trial court's judgment in favor of appellees Carol and John Brooks in their suit against her for trespass. We reverse and remand.

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

## Background

Strong and the Brookses are neighbors in Milano, Texas. Strong lives in a mobile home located in a right-of-way owned by the City of Milano. For several years, the Brookses allowed Strong and her predecessors in title to drive through a portion of their property, "Block 69," to access the back portion of Strong's property. Beginning in 2017, after she took title to the property, Strong added fences, a gazebo, a rock garden, and other features around her home, apparently encroaching upon Block 69. Strong declined to remove the features when asked to do so by the Brookses.

In 2018, the Brookses sued Strong for trespass. A hearing was held in September of 2018, at which all parties appeared pro se. After the parties presented their arguments, the trial court held the case in abeyance. The City of Milano then filed a plea in intervention alleging that Strong was a trespasser on the City's public right-of-way. The case was set for a non-jury trial in September of 2020. Strong did not appear for trial. After hearing evidence from the Brookses and the City, the trial court signed a final judgment in their favor on October 6, 2020. In its final judgment, the trial court found that Strong, "though properly notified, failed to appear" for trial. This appeal ensued.

## Analysis[2]

---

[2] Before turning to the merits of the appeal, we address the pending motion to strike filed by appellees. Appellant initially filed a brief that did not comply with the Texas Rules of Appellate Procedure. After this Court notified appellant that she must file a corrected brief, appellant filed a brief that substantially complies with the briefing rules. On September 3, 2021, appellees filed a motion to strike certain portions of appellant's brief that are not supported by references to the appellate record. The Court determined to carry the motion until the merits of the appeal were considered. We grant appellees' motion and note that we have not considered, for any purpose, any factual assertions made by appellant that are not supported in the record, nor has appellant's reference to them played any role in our disposition of this case. We review the arguments raised and briefed on appeal, liberally construing them so as "to obtain a just, fair[,] and equitable adjudication of the rights of the litigants." *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *see also* TEX. R. APP. P. 38.1(f), 38.9.

Notice of Trial Setting

In her first issue, Strong asserts that the judgment should be set aside because she did not receive notice of the trial.

A defendant who has made an appearance in a cause is entitled to notice of the trial setting as a matter of due process. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989) (per curiam). The Rules of Civil Procedure allow the party to be notified of a trial setting by mail or by other methods set forth in Rule 21a. *See* TEX. R. CIV. P. 21a. Such notice must be given at least forty-five days in advance of the trial setting. *See* TEX. R. CIV. P. 245.

Under the test articulated in *Craddock v. Sunshine Bus Lines*, a post-answer default judgment must be set aside when the defendant demonstrates that: (1) her failure to appear was not intentional or the result of conscious indifference; (2) she has a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party. 133 S.W.2d 124, 126 (Tex. 1939); *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987). When a party receives no notice of a trial setting, she satisfies the first prong of *Craddock* and does not have to meet the remaining prongs of the test to be entitled to a new trial. *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988) (per curiam).

Here, the record reflects that the Brookses sent notice of the September 24 trial setting by certified mail, return receipt requested, on July 13. The certificate of service shows that the notice was sent to both the physical address and mailing address provided by Strong in her pleadings. On September 21, the Brookses sent a "second notice of trial

3

date" to Strong's mailing address; this notice provided information on how to participate in the September 24 trial via Zoom videoconferencing. The record also includes the returned envelopes for the notices sent in July. Both the notice sent to Strong's physical address and the notice sent to her mailing address were marked "unclaimed" and "returned to sender" by the postal service.[3] At trial, counsel for the Brookses informed the trial court that the September notice, like the July notices, was also unclaimed, stating, "[T]hey've all come back as being undelivered."

The Brookses argue that the notice sent in July satisfied the requirements for proper notice. They are correct that they properly sent notice pursuant to Rule 21a. Such compliance raises a presumption that notice was also received. *See* Tex. R. Civ. P. 21a(e); *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (per curiam). However, the Brookses fail to address the evidence in the record that notice, while properly *sent*, was never *received* by Strong. "[I]mplicit in the concept of service is the need for the party upon whom an item is served to actually receive it." *Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex. App.—Amarillo 2000, no pet.).

The presumption that notice properly sent under Rule 21a was also received is negated when the document is returned as unclaimed. *In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009); *see also Cliff*, 724 S.W.2d at 780 (presumption of service under Rule 21a "is not 'evidence' and it vanishes when opposing evidence is introduced that [a document] was not received"); *Hitt v. Zarauskas*, No. 03-16-00076-CV, 2017 Tex. App. LEXIS 2628, at *13 (Tex. App.—Austin Mar. 29, 2017, no pet.) (mem. op.) (any presumption that notice

---

[3] The notice addressed to Strong's physical address reflects three separate attempted delivery dates.

4

was received would vanish in the face of proof of non-receipt). Therefore, any presumption that Strong received notice of the trial setting was negated by proof that the notices sent were unclaimed. Without this presumption, there was no evidence that Strong received notice of the trial setting. *Mathis*, 166 S.W.3d at 745.

The Brookses contend that Strong's "basic failure to open her mail at the address she gave the court" does not constitute grounds for a claim of failure to provide notice. To the extent that this is an argument by the Brookses that the unclaimed notices resulted from Strong's selective refusal to collect her mail, we must reject the argument. Certainly, even when a party does not receive actual notice, if the serving party has complied with the requirements of Rule 21a, "constructive notice" may be established if the serving party presents evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail relating to the case or refused all deliveries of certified mail. *See Nichols v. Goodger*, No. 03-16-00044-CV, 2017 Tex. App. LEXIS 6674, at *5-6 (Tex. App.—Austin July 20, 2017, no pet.) (mem. op.) (finding appellant received constructive notice of trial setting where opposing party sent notices by certified or regular mail and appellant testified that he left mail in mailbox or refused it outright and did not respond to phone calls or messages); *Roberts v. Roberts*, 133 S.W.3d 661, 663 (Tex. App.—Corpus Christi 2003, no pet.); *Gonzales v. Surplus Ins. Servs.*, 863 S.W.2d 96, 102 (Tex. App.—Beaumont 1993, writ denied), overruled in part on other grounds, *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002). Here, however, the Brookses presented no evidence that Strong refused or intentionally avoided delivery of certified mail. Thus, constructive notice could not be imputed to her. *See Pessel v. Jenkins*, 125 S.W.3d 807, 810 (Tex. App.—Texarkana 2004, no pet.) (trial

5

court erred in determining defendants received notice of trial setting when notice was returned unclaimed and plaintiffs offered no proof of "selective acceptance/refusal" of certified mail).

Because the record shows that Strong did not receive actual notice or constructive notice of the trial setting, we sustain her first issue. We need not reach Strong's remaining issues because they are unnecessary to fully dispose of this appeal. *See* TEX. R. APP. P. 47.1. Further, having sustained Strong's first issue, we need not reach the arguments raised in the brief filed by the intervenor, the City of Milano, which address Strong's fifth issue on appeal.

## Conclusion

We reverse the trial court's judgment and remand this cause to the trial court for a new trial.

Judy C. Parker
Justice

6