

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-24-00407-CV

___

KENNETH LEMER, APPELLANT

V.

OSCAR CONTRERAS AND JACQUELINE CONTRERAS, APPELLEES

___

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCV-20921-24, Honorable Scott A. Say, Presiding

___

March 31, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Let us just cut to the chase on this one. The trial court denied Kenneth Lemer's motion to compel arbitration of a dispute with Oscar and Jacqueline Contreras. Lemer so moved based upon paragraph 41 of a purported real estate sales contract taken from the internet. We affirm.

Through his first issue, Lemer asserts that "[t]he district court erred by denying [his] Motion to compel arbitration and articulated a misunderstanding of applicable Texas Supreme Court Precedent." The immediate problem we encounter when addressing the

issue concerns the lack of evidence establishing the existence of an enforceable arbitration agreement.

One seeking to compel arbitration must establish both the existence of a valid arbitration agreement and a dispute falling within its scope. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Once that is done, the burden then shifts to the party opposing arbitration to prove some type of defense to the provision's enforcement. *Id.* And, our review of the trial court's decision granting or denying arbitration is governed by the standard of abused discretion. *Id.*[1] That means we defer to the trial court's factual determinations if they are supported by evidence while reviewing its legal determinations de novo. *Id.*

Establishing the existence of a valid agreement entails more than simply saying one exists. Rather, the onus falls on the party seeking arbitration to prove the agreement's existence. In other words, the party must submit competent, prima facie evidence of the arbitration agreement itself. *Constant v. Gillespie*, No. 05-20-00734-CV, 2022 Tex. App. LEXIS 3415, at *14 (Tex. App.—Dallas May 18, 2022, no pet.) (mem. op.). Satisfying the burden requires more than simply attaching the purported agreement to a motion to compel. *Id.* at *15 (holding that "Constant's mere attachment of the Purported Agreements as exhibits to his motion and supplemental motion, without more, submitted no evidence of a valid arbitration agreement to the trial court"). Nor does merely attaching the document to a pleading suffice. *In re McQuaide*, No. 14-17-00272-

---

[1] Our precedent describes the standard of review as de novo. *See Hart of Tex. Cattle Feeders, LLC v. Bonsmara Nat. Beef Co., LLC*, 583 S.W.3d 705 (Tex. App.—Amarillo 2019), *aff'd sub nom*, 603 S.W.3d 385 (Tex. 2020). To the extent it does, we deem the holding erroneous. As recently as 2021, the highest civil court in Texas categorized the standard as abused discretion, *see Wagner v. Apache Corp.*, 627 S.W.3d 277, 283 (Tex. 2021), and its decision controls.

2

CV, 2017 Tex. App. LEXIS 3612, at *3 (Tex. App.—Houston [14th Dist.] Apr. 25, 2017, orig. proceeding) (per curiam) (mem. op.); *Gruber v. CACV of Colo., LLC*, No. 05-07-00379-CV, 2008 Tex. App. LEXIS 2314, at *4–5 (Tex. App.—Dallas Apr. 2, 2008, no pet.) (mem. op.).  And, that is the fatal problem here.

Lemer proffered no evidence at the hearing on his motion to compel.  Nor did he attempt to establish the authenticity of the alleged contract containing paragraph 41.  And, our review of the proceeding failed to uncover any stipulation as to the contract's existence or authenticity.[2]  So, Lemer failed to prove the existence of an enforceable arbitration agreement.  That alone allows us to affirm the trial court's decision to deny arbitration.  *See Payton v. Ashton*, 29 S.W.3d 896, 899 n.3 (Tex. App.—Amarillo 2000, no pet.) (stating that when the standard of review is abused discretion, the reviewing court may affirm the trial court's decision on any legal theory, even if unmentioned by the trial court or litigants).

We overrule Lemer's first issue.  That ruling disposes of the appeal and relieves us from considering his second issue concerning whether he waived arbitration.  We also affirm the order denying arbitration.

Brian Quinn
Chief Justice

---

[2] Indeed, Lemer's position at the hearing seemed to be that a valid contract may or may not exist. His statement to the trial court, through counsel, that "[f]rom the Claimant's position I am not conceding or denying that a contract exists" suggests as much.