ACCEPTED
13-15-00060-cv
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/19/2015 7:42:43 PM
DORIAN RAMIREZ
CLERK

<u>**ORAL ARGUMENT REQUESTED**</u>

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
3/19/2015 7:42:43 PM
DORIAN E. RAMIREZ
Clerk

**NO. 13-15-00060-CV**

# IN THE COURT OF APPEALS
# FOR THE THIRTEENTH DISTRICT
# AT CORPUS CHRISTI, TEXAS

**STEFAN KONASIEWICZ, M.D.,**
**Appellant,**

**v.**

**JUAN GARZA,**
**Appellee.**

**On Appeal from County Court at Law No. 1, Nueces County, Texas**
**Cause No. 2012-CCV-61202-1**
**(Hon. Robert J. Vargas)**

**BRIEF OF APPELLANT**

Respectfully submitted,

**COOPER & SCULLY, P.C.**
**DIANA L. FAUST**
diana.faust@cooperscully.com
Texas Bar No. 00793717
**R. BRENT COOPER**
brent.cooper@cooperscully.com
Texas Bar No. 04783250
**KYLE M. BURKE**
kyle.burke@cooperscully.com
Texas Bar No. 24073089
900 Jackson Street, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEYS FOR APPELLANT**

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI, TEXAS

STEFAN KONASIEWICZ, M.D.,
Appellant,

v.

JUAN GARZA,
Appellee.

On Appeal from County Court at Law No. 1, Nueces County, Texas
Cause No. 2012-CCV-61202-1
(Hon. Robert J. Vargas)

IDENTITY OF PARTIES AND COUNSEL

In accordance with rule 38.1(a) of the Texas Rules of Appellate Procedure,

the following is a list of names and addresses of the parties to the trial court's order

and their counsel:

**Appellant:**                    Stefan Konasiewicz, M.D.

**Trial Counsel**
**for Appellant:**             W. Richard Wagner
Peter Cario
Wagner Cario, L.L.P.
7705 Broadway Street
San Antonio, Texas 78209

**Appellate Counsel
for Appellant:**                     Diana L. Faust
R. Brent Cooper
Kyle M. Burke
Cooper & Scully, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202

**Appellee:**                                 Juan Garza

**Trial and Appellate
Counsel for Appellee:**           Robert C. Hilliard
Catherine D. Tobin
John B. Martinez
T. Christopher Pinedo
Rudy Gonzales, Jr.
Todd A. Hunter, Jr.
Marion M. Reilly
Hilliard Munoz Gonzales, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI, TEXAS

STEFAN KONASIEWICZ, M.D.,
Appellant,

v.

JUAN GARZA,
Appellee.

On Appeal from County Court at Law No. 1, Nueces County, Texas
Cause No. 2012-CCV-61202-1
(Hon. Robert J. Vargas)

REQUEST FOR ORAL ARGUMENT

Appellant Stefan Konasiewicz, M.D. respectfully requests oral argument in this case. The issues presented have not previously been considered in the context of section 74.351 of the Texas Civil Practice and Remedies Code, and thus, Appellant believes oral argument will aid the Court in evaluating the case and resolving this appeal. TEX. R. APP. P. 39.1, 39.7.

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ........................................................ i

REQUEST FOR ORAL ARGUMENT .................................................................. iii

TABLE OF CONTENTS .................................................................................. iv

TABLE OF AUTHORITIES ............................................................................ vi

STATEMENT OF THE CASE ...........................................................................x

ISSUES PRESENTED ................................................................................. xii

STATEMENT OF FACTS ...............................................................................1

    A.    Appellee's Allegations ...................................................................1

    B.    Appellee's Motion for Substituted Service ...........................................1

    C.    Appellant's Objections to Plaintiff's Expert Report of J. Martin Barrash .................................................................................2

    D.    May 8, 2013 Hearing on Motion to Dismiss .....................................4

    E.    Appellant's Supplemental Brief in Support of Objections to Appellee's Expert Report Pursuant to CPRC § 74.351, *et seq.* .............4

    F.    January 6, 2015 Hearing on Motion to Dismiss, Ruling, and Appeal .................................................................................5

SUMMARY OF THE ARGUMENT ....................................................................7

ARGUMENT AND AUTHORITIES ..................................................................9

I.    Appellee Failed To Timely Serve Chapter 74 Expert Reports ......................9

    A.    Standards of Review .....................................................................9

        1.    Section 74.351 Motions to Dismiss .........................................9

       2.      Findings of Fact and Conclusions of Law ......................11

B.     Chapter 74 Expert Report Requirement ..............................................12

C.     Appellee Did Not Timely Serve Reports Under Rule 21a ..................12

       1.      Dr. Konasiewicz's Evidence Precludes Application of Presumption of Timely Service.................................................15

       2.      Because Appellee Untimely Served the Report, the Trial Court Had No Discretion But to Dismiss Appellee's Suit With Prejudice .........................................................................24

CONCLUSION AND PRAYER.........................................................................25

CERTIFICATE OF COMPLIANCE ..................................................................28

CERTIFICATE OF SERVICE...........................................................................29

APPENDIX TO BRIEF OF APPELLANT ........................................................30

## TABLE OF AUTHORITIES

**Case**                                                                                          **Page(s)**

*BMC Software Belgium, N.V. v. Marchand*,
  83 S.W.3d 789 (Tex. 2001) ............................................................................ 11

*Bohannon v. Winston*,
  238 S.W.3d 535 (Tex. App.—Beaumont 2007, no pet.) ................................. 23

*Cameron County Drainage Dist. No. 5 v. Gonzales*,
  69 S.W.3d 820 (Tex. App.—Corpus Christi 2002, no pet.) .........................11, 24

*Christus Spohn Health Sys. Corp. v. Lopez*,
  No. 13-13-00165-CV, 2014 WL 3542094
  (Tex. App.—Corpus Christi July 17, 2014, no pet.) (mem. op.) .................. 12-13

*City of Keller v. Wilson*,
  168 S.W.3d 802 (Tex. 2005) .......................................................................11, 24

*Cliff v. Huggins*,
  724 S.W.2d 778 (Tex. 1987) .......................................................................14, 22

*Downer v. Aquamarine Operators, Inc.*,
  701 S.W.2d 238 (Tex. 1985) ........................................................................... 10

*Doyle v. Grady*,
  543 S.W.2d 893 (Tex. Civ. App.—Texarkana 1976, no writ) ......................... 19

*Etheredge v. Hidden Valley Airpark Ass'n, Inc.*,
  169 S.W.3d 378 (Tex. App.—Fort Worth 2005, pet. denied) .......................... 15

*Harris Methodist Fort Worth v. Ollie*,
  342 S.W.3d 525 (Tex. 2011) ............................................................................. 9

*In re Arnold*,
  No. 13-12-00619-CV, 2012 WL 6085320
  (Tex. App.—Corpus Christi, Nov. 30, 2012, no pet.) ..................................... 20

*In re Prudential Ins. Co. of Am.*,
  148 S.W.3d 124 (Tex. 2004) ........................................................................... 10

*Jaffe Aircraft Corp. v. Carr*,
    867 S.W.2d 27 (Tex.1993) ............................................................. 11

*Larson v. Downing*,
    197 S.W.3d 303 (Tex. 2006) (per curiam) ....................................... 10

*McAllen Police Officers Union v. Tamez*,
    81 S.W.3d 401 (Tex. App.—Corpus Christi 2002, pet. dism'd) ....................... 11

*Neiswender v. SLC Constr., LLC*,
    No. 13-11-00669-CV, 2012 WL 3046010
    (Tex. App.—Corpus Christi July 26, 2012, pet. denied) ....................... 19, 22, 24

*Nexion Health at Beechnut, Inc. v. Paul*,
    335 S.W.3d 716 (Tex. App.—Houston [14th Dist.] 2011, no pet.) .............. 10, 24

*Ogletree v. Matthews*,
    262 S.W.3d 316 (Tex. 2007) ................................................... 12, 25

*Otero v. Alonzo*,
    No. 13-10-00304-CV, 2011 WL 765673
    (Tex. App.—Corpus Christi Mar. 3, 2011, no pet.) .......................... 12, 13, 25

*Payton v. Ashton*,
    29 S.W.3d 896 (Tex. App.—Amarillo 2000, no pet.) ............................ 14, 23

*Rosales v. H.E. Butt Grocery Co.*,
    905 S.W.2d 745 (Tex. App.—San Antonio 1995, writ denied) ........................ 20

*Salinas v. Dimas*,
    310 S.W.3d 106 (Tex. App.—Corpus Christi 2010, pet. denied) ...................... 13

*Stockton v. Offenbach*,
    336 S.W.3d 610 (Tex. 2011) ........................................................ 9

*Texas Beef Cattle Co. v. Green*,
    862 S.W.2d 812 (Tex. App.—Beaumont 1993, no writ) .......................... 20, 23

*Unifund CCR Partners v. Weaver*,
    262 S.W.3d 796 (Tex. 2008) ....................................................... 14

*Univ. of Tex. Health Sci. Ctr. v. Gutierrez*,
    237 S.W.3d 869 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ............... 10

*Waggoner v. Breland*,
No. 01-10-00226-CV, 2011 WL 2732687
(Tex. App.—Houston [1st Dist.] July 14, 2011, no pet.) .................................. 15

*Walker v. Packer*,
827 S.W.2d 833 (Tex. 1992) ................................................................. 10

*Wembley Inv. Co. v. Herrera*,
11 S.W.3d 924 (Tex. 1999) .................................................................. 15

**Statutes**                                                            **Page(s)**

TEX. CIV. PRAC. & REM. CODE §§ 74.001-.507 (Vernon 2011) ............................. x

TEX. CIV. PRAC. & REM. CODE § 74.351(a) .............................................12, 23, 25

TEX. CIV. PRAC. & REM. CODE § 74.351(b) ...............................................12, 25

TEX. CIV. PRAC. & REM. CODE § 74.351(c) ....................................................... 23

**Rules**                                                               **Page(s)**

TEX. R. APP. P. 39.1 ........................................................................iii

TEX. R. APP. P. 39.7 ........................................................................iii

TEX. R. CIV. P. 21a (1990)....................................................... 13, 14, 22, 23

**Other Authorities**                                                   **Page(s)**

Act of May 24, 2013, 83rd Leg., ch. 870 (H.B. 658), § 2, eff. Sept. 1, 2013 ........ xii

**IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI, TEXAS**

**STEFAN KONASIEWICZ, M.D.,**
**Appellant,**

**v.**

**JUAN GARZA,**
**Appellee.**

**On Appeal from County Court at Law No. 1, Nueces County, Texas
Cause No. 2012-CCV-61202-1
(Hon. Robert J. Vargas)**

**BRIEF OF APPELLANT**

**TO THE HONORABLE JUSTICES OF THE THIRTEENTH COURT OF APPEALS:**

Appellant Stefan Konasiewicz, M.D. ("Dr. Konasiewicz" or "Appellant") submits this Brief of Appellant, in accordance with Rules 9.4 and 38 of the Texas Rules of Appellate Procedure and all local rules of this Court. In support of this appeal from the overruling of Appellant's objections as to the timeliness of the service of the report, resulting in the denial of Appellant's request for dismissal based on the untimely service of the report, Appellant respectfully alleges as follows:

## STATEMENT OF THE CASE

This is a medical malpractice case governed by Chapter 74 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE §§ 74.001-.507 (Vernon 2011) ("Chapter 74" or "TMLA"). On June 19, 2012, Juan Garza ("Mr. Garza" or "Appellee") filed this health care liability claim against Dr. Konasiewicz, and various other Defendants,[1] alleging that Defendants were negligent in their care and treatment of Appellee. (CR 7-23).[2] Appellee amended his petition on June 27, 2012. (CR 26-42). On November 21, 2012, Appellant filed Objections to Plaintiff's Expert's Report Pursuant to CPRC § 74.351 *et seq.*, citing Appellee's failure to timely serve the Expert Report of J. Martin Barrash. (CR 157-61). On May 1, 2013, Appellee filed his Response to Appellant's Objections to Chapter 74 Expert Report (CR 233-246). On May 8, 2013, the trial court held a hearing on Appellant's objections and request for dismissal, and after considering the arguments of counsel, took the matter under advisement. (2 RR 54).

---

[1]    Defendant Christus Spohn Health System d/b/a Christus Spohn Hospital Corpus Christi – Shoreline was dismissed from the case on July 30, 2014 (CR 376), Defendant Melissa Macias, M.D. was dismissed on January 9, 2015, (CR 407), and Defendant South Texas Brain and Spine Center was nonsuited on January 28, 2015. (CR 446-47).

[2]    Appellant will cite the clerk's record as ([volume #] CR [page #]), the supplemental clerk's record as (SCR [page #]), the reporter's record as ([volume #] RR [page #]), and the appendix as (Apx. [Tab letter]).

On July 8, 2014, Appellant filed a Supplemental Brief in Support of Objections to Plaintiff's Expert's Report Pursuant to CRPC § 74.351 *et seq.* (CR 261-325). Appellee filed a Response in Opposition to Appellant's Supplemental Brief on January 2, 2015 (CR 377-393), and on January 6, 2015, the trial court held an additional hearing on Appellant's objections and motion to dismiss; after hearing the arguments of counsel, the court once again took the matter under advisement. (3 RR 55). Following the hearing, the court signed an Order overruling Appellant's Objections to Plaintiff's Expert's Report Pursuant to CPRC 74.351 *et seq.* (CR 405). Appellant timely filed his Request for Findings of Fact and Conclusions of Law (CR 419-23), and on February 17, 2015, the trial court issued its Findings of Fact and Conclusions of Law (SCR 13-17). Appellant timely filed his Notice of Accelerated Appeal. (CR 433-35).

## ISSUES PRESENTED

1.      The trial court abused its discretion in denying Dr. Konasiewicz's request for dismissal with prejudice under section 74.351. This issue necessarily includes the following sub-issues:

a.      Chapter 74 expert reports must be served within 120 days following the filing of the original petition.[3] Appellee's deadline for serving a report was October 17, 2012. The trial court erred in concluding that Appellee timely served an expert report by mailing it on October 17, 2012. Dr. Konasiewicz's evidence conclusively established that the report was actually mailed on October 18, 2012. Even if Appellee's evidence gave rise to a presumption of timely service—and it did not—Dr. Konasiewicz rebutted that presumption.

b.      Findings of Fact numbers 6 and 7, and Conclusion of Law number 17 are supported by legally and factually insufficient evidence, and Conclusion of Law number 17 is legally erroneous, where Dr. Konasiewicz's evidence conclusively established that the section 74.351

---

[3]      In 2013, the Legislature amended section 74.351(a) to require service of the expert report within 120 days of the defendant's answer. *See* Act of May 24, 2013, 83rd Leg., ch. 870 (H.B. 658), § 2, eff. Sept. 1, 2013. However, this suit was filed in June 2012 and is thus governed by the prior version of the statute. Unless otherwise noted, all references to Chapter 74 and its individual sections refer to the 2011 version in place when this suit was filed.

expert report was actually mailed on October 18, 2012, the 121st day following the filing of the original petition.

## STATEMENT OF FACTS

### A.    Appellee's Allegations

On June 19, 2012, Appellee filed his Original Petition asserting claims of negligence and gross negligence against Dr. Konasiewicz. (CR 7-23). Appellee alleged that he presented to Dr. Konasiewicz for treatment of back pain. (CR 9). He alleged that after an initial consultation with Dr. Macias, Dr. Konasiewicz performed surgery on Appellee on July 27, 2011. (*Id.*). Appellee alleged he experienced negative impacts after the surgery. (*Id.*). Additionally, he alleged that subsequent examinations by his treating physicians revealed that, in the course of surgery, Dr. Konasiewicz had left a large mass on his spine, resulting in paralysis of his legs and other complications. (CR 9-10).

### B.    Appellee's Motion for Substituted Service

On September 19, 2012, Appellee filed a Motion for Substituted Service Pursuant to T.R.C.P. 106(b), advising the trial court that Appellee's First Amended Petition and Request for Discovery had not been served on Appellant because the process server/officer had been unable to locate Appellant, and moving the court to authorize service either by (1) delivering a true copy of the citation and petition to anyone over 16 years of age, 1400 Ocean Drive, Apt. 904C, Corpus Christi, TX 78402-2196; or (2) attaching a true copy of the citation and petition securely to the front entry way at 1400 Ocean Drive, Apt. 904C, Corpus Christi, TX 78402-2196.

(CR 53-54).  On October 18, 2012, the trial court signed an Order for Substituted

Service T.R.C.P. 106(b), which ordered:

> IT IS ACCORDINGLY ORDERED that an authorized process server/officer that is not a party of this suit nor interested in the outcome shall give the Defendant Dr. Stefan Konasiewicz, notice of this suit by:
>
> _____ delivering a true copy of the citation and petition attached, to anyone over 16 years of age at 1400 Ocean Drive, Apt 904C, Corpus Christi, TX 78404-2196.
>
> or
>
> _____ attaching a true copy of the citation and petition securely to the front entry way at 1400 Ocean Drive, Apt 904C, Corpus Christi, TX 78404-2196.
>
> which will be reasonably effective to give the Defendant, Dr. Konasiewicz, notice of this suit.
>
> IT IS FURTHER ORDERED that the return of the authorized person be endorsed on or attached to the citation, stating when and how the citation was served and be signed by the authorized person/officer, and is to make due return in accordance with the Texas Rules of Civil Procedure Rule 107.

(CR 79-80).

### C.  Appellant's Objections to Plaintiff's Expert Report of J. Martin Barrash

On November 21, 2012, Appellant filed his Objections to Plaintiff's

Expert's Report Pursuant to CPRC § 74.351 *et seq.*, arguing that Appellee served

the purported Chapter 74 expert report of J. Martin Barrash on November 3, 2012,

in an attempt to comply with § 74.351(a) and § 74.351(r)(6) of the Texas Civil

Practice and Remedies Code. (CR 157-61). Appellant urged that Appellee was obligated to serve Appellant with his Chapter 74 expert report within 120 days from the filing of Plaintiff's Original Petition on June 19, 2012, or by October 17, 2012. (CR 158). Therefore, the 120-day report was untimely. (*Id.*). Additionally, Appellant argued that Dr. Barrash's report was deficient and failed to comply with § 74.351(r)(6), as it was conclusory as to the standard of care, breach of the standard of case and causation. (CR 158-59). Appellee responded to Appellant's objections on May 3, 2013, in which he argued that he served Appellant at three different addresses on October 17, 2012, which was the 120-day deadline. (CR 233-37). Appellee submitted an affidavit by Nicole Stoner, paralegal for Appellee's counsel, wherein Ms. Stoner stated she mailed a Chapter 74 expert report to Dr. Konasiewicz at three different addresses on October 17th. (CR 247-49). Additionally, Appellee argued that Texas Rule of Civil Procedure 21a, providing rules for service by fax and other methods, does not strictly govern service requirements for expert reports in a health care liability claim. (CR 236-37). Finally, Appellee argued that Dr. Barrash's 6-page report complied with the statutory definition of an "expert report" because it included a fair summary of his expert opinions of the standards of care, breach and causation. (CR 237-43).

**D.    May 8, 2013 Hearing on Motion to Dismiss**

On May 8, 2013, the trial court held a hearing on the Dr. Konasiewicz's motion to dismiss.  (2 RR 31-40).  Appellant argued that Appellee did not make a showing of prima facie evidence of delivery to the United States Postal Service because Appellee did not state anywhere that the expert report was postage-prepaid.  (*Id.*).  In response, Appellee offered the testimony of Nicole Stoner.  (2 RR 45).  Specifically, Ms. Stoner stated that on October 17, 2012, she mailed the expert report.  (2 RR 46-49).  She testified that she affixed postage to the articles using her office's postage machine.  (2 RR 48).  Ms. Stoner stated that she mailed the items via certified mail, return receipt requested, postage-prepaid, and deposited them in the outside box at the Nueces Bay Boulevard post office around 6:30 p.m.  (2 RR 46-49).  At the conclusion of the hearing, the trial court took the matter under advisement.  (2 RR 54)..

**E.    Appellant's Supplemental Brief in Support of Objections to Appellee's Expert Report Pursuant to CPRC § 74.351, *et seq.***

On July 8, 2014, Appellant filed a supplemental brief in support of his Objections to Plaintiff's Expert Report Pursuant to CPRC § 74.351 *et seq.*, to advise the trial court of the effect of recent supreme court jurisprudence, to provide evidence that Appellee's report was untimely, and to supplement his complaints regarding the sufficiency of the reports.  (CR 261-324).  Specifically, Appellant argued that evidence conclusively established that he was not timely served with

an expert report, as the United States Postal Service Track & Confirm results and the affidavit of Tim Birrenkott, a 24-year employee of the postal service and current Supervisor of Customer Service Support, proved that Appellee mailed the report on October 18, 2012. (CR 267-68). Additionally, Appellant argued that at a minimum, this evidence precluded any application of the presumption of timely service under Rule 21a. (CR 268). Appellee responded to Appellant's supplemental brief on January 2, 2015, in which he argued service is complete upon deposit in a post office or official depository, not upon the placement of a postmark, and that he presented prima facie evidence of service of the report on October 17, 2012. (CR 379-80).

### F. January 6, 2015 Hearing on Motion to Dismiss, Ruling, and Appeal

On January 6, 2015, the Hon. Robert J. Vargas held a hearing on Appellant's Motion to Dismiss (3 RR 5-57). Appellant argued that Appellee failed to meet his burden to trigger any presumption of service on October 17th despite Ms. Stoner's affidavit and despite her testimony because the postal service interpreted the meaning of the track and confirm sheets to establish that the certified letters containing the expert report were actually mailed in Portland, Texas on October 18, 2012. (3 RR 13). Further, Appellant contended that even if the court gave Appellee the benefit of the doubt and concluded that the evidence provided by the Stoner affidavit and testimony at the first hearing was prima facie evidence to

support a presumption of service on October 17th, the 120th day, Appellant did not receive the expert report until November 3, 2012, which was not within the three days required under Rule 21(a) to support the presumption. (3 CR 13-14).

Appellee responded that Rule 21(a) states that service by mail or commercial delivery shall be complete upon deposit of the document in the mail, and that it matters not when the postal service gets around to stamping the mail. (3 RR 23). Further, Appellee argued that the rules contemplate that the period starts the moment that the mail is put in the box, and there is uncontroverted evidence in the case that the paralegal took the mail and deposited it in the mailbox on the date as required – October 17th – at the Nueces Bay location, and Appellee gets the benefit of having done it timely, having done it right, and Appellant's motion to dismiss should be denied. (3 RR 24, 33). Appellee urged that the portion of Rule 21a allowing a party to rebut the presumption of service when the item is not received within three days does not establish the date of mailing or allow the court to provide any relief other than extending the time for the receiving party to respond. (3 RR 34-40).

Following the arguments of counsel, the trial court took the matter under advisement (3 RR 55), and on January 8, 2015, signed an Order overruling the Objections to Plaintiff's Expert's Report Pursuant to CRPC 74.351 *et seq.*, resulting in the denial of Dr. Konasiewicz's request for dismissal with prejudice

through failure to timely comply with section 74.351(a). (CR 405).[4] Appellant requested findings of fact and conclusions of law on January 16, 2015 (CR 419-23) and Appellee filed his Proposed Findings of Fact and Conclusions of Law on January 28, 2015. (CR 439-45). The trial court filed its findings of fact and conclusions of law on February 17, 2015. (SCR 13-17). Appellant timely filed his notice of appeal. (CR 433-35).

## SUMMARY OF THE ARGUMENT

Appellee failed to timely serve a Chapter 74 expert report, entitling Dr. Konasiewicz to dismissal under the statute. This is a health care liability claim governed by Chapter 74 of the Texas Civil Practice and Remedies Code, which requires the claimant to serve an expert report and curriculum vitae upon the defendant within 120 days of the filing of the Original Petition. Numerous courts, including this Court, have applied Rule 21a to govern the service of Chapter 74 reports. Appellee filed his Original Petition on June 19, 2012; therefore, his expert report should have been served by October 17, 2012. But Appellee did not serve a report by that date.

Dr. Konasiewicz provided conclusive evidence that the report was mailed on October 18, 2012, rendering findings of fact numbers 6 and 7 and conclusion of

---

[4] At the two hearings, the court only considered the issue of the timeliness of Appellee's report and did not hear argument on the sufficiency of the report. (*See* 2 RR 5-57; 3 RR 5-58). The trial court's order addresses only the timeliness of Appellee's report, as reflected by the court's findings of fact and conclusions of law. (*See* SCR 13-17).

---

law number 17 supported by legally and factually insufficient evidence, as well as rendering conclusion of law number 17 legally erroneous. The mailing labels, United States Postal Service ("USPS") Tracking results, and affidavit of 24-year USPS supervisor Tim Birrenkott conclusively established that Appellee mailed the items at 4:13 p.m. on October 18, 2012, at the Portland, Texas post office. Therefore, under Rule 21a, Appellee's service of the report was untimely.

Appellee's evidence offered to prove that the report was mailed on October 17, 2012 is not prima facie evidence of the fact of service and cannot give rise to any presumption of service on that date. The USPS Tracking results and Mr. Birrenkott's affidavit offered by Dr. Konasiewicz establish that the affidavit and statements by Appellee's counsel's paralegal (that the report was mailed on October 17, 2012 at the Nueces Bay Boulevard post office) were untrue. And even if the paralegal's affidavit gave rise to a presumption of service—which it did not—Dr. Konasiewicz overcame that presumption with the aforementioned evidence. Dr. Konasiewicz also rebutted any presumption of service because the report was received 17 days after the alleged mailing date of October 17, 2012, well past the three-day period contemplated in Rule 21a.

The trial court could come to only one conclusion based on the evidence before it: that Appellee did not serve his Chapter 74 expert report by the October 17, 2012 deadline. The trial court erred in concluding otherwise, and abused its

discretion in overruling Dr. Konasiewicz's objections to the timeliness of Appellee's expert report and denying his request for dismissal with prejudice. This Court should reverse the trial court's order, dismiss Appellee's suit with prejudice, and remand for a determination of Dr. Konasiewicz's reasonable attorney's fees and costs of court.

## ARGUMENT AND AUTHORITIES

### I. Appellee Failed To Timely Serve Chapter 74 Expert Reports

#### A. Standards of Review

##### 1. *Section 74.351 Motions to Dismiss*

A trial court's determination of whether to dismiss a case for failure to timely serve an expert report pursuant to section 74.351 of Texas Civil Practice and Remedies Code generally is reviewed for abuse of discretion. *See Harris Methodist Fort Worth v. Ollie*, 342 S.W.3d 525, 527 (Tex. 2011) (interpreting chapter 74 of the Texas Civil Practice and Remedies Code). Under an abuse of discretion standard, the appellate court defers to the trial court's factual determinations if they are supported by evidence, but reviews the trial court's legal determinations de novo. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011). To the extent an issue presented requires statutory interpretation or a determination of whether Chapter 74 applies to a claim, the issue is a question of law reviewed de novo. *See id.* Further, though an appellate court reviews a trial court's ruling on a

motion to dismiss for failure to comply with section 74.351 for an abuse of discretion, whether proper service has been made is a question of law reviewed de novo. *Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Univ. of Tex. Health Sci. Ctr. v. Gutierrez*, 237 S.W.3d 869, 871 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)).

A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Larson v. Downing*, 197 S.W.3d 303, 304–05 (Tex. 2006) (per curiam). When reviewing the trial court's decision for an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court with respect to resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992); s*ee also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). However, a reviewing court is less deferential when reviewing the trial court's determination of the legal principles controlling its ruling. *See Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840.

## 2. *Findings of Fact and Conclusions of Law*

Courts of appeals review fact findings for both legal and factual sufficiency. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2001). Conclusions of law are reviewed de novo. *McAllen Police Officers Union v. Tamez*, 81 S.W.3d 401, 404 (Tex. App.—Corpus Christi 2002, pet. dism'd).

An appellate court will sustain a no-evidence complaint if the record shows: (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

In reviewing factual sufficiency, the appellate court considers and weighs all the evidence in the record to determine whether the evidence supporting a fact finding is so weak or the finding so contrary to the overwhelming weight of the evidence that the finding should be set aside. *See Cameron County Drainage Dist. No. 5 v. Gonzales*, 69 S.W.3d 820, 825 (Tex. App.—Corpus Christi 2002, no pet.) (citing *Jaffe Aircraft Corp. v. Carr*, 867 S.W.2d 27, 29 (Tex.1993)).

## B.    Chapter 74 Expert Report Requirement

Section 74.351(a) of the Texas Civil Practice and Remedies Code provides that any person bringing a suit asserting a health care liability claim must, within 120 days of filing the original petition, serve an expert report and curriculum vitae for each physician or health care provider against whom the claim is asserted. TEX. CIV. PRAC. & REM. CODE § 74.351(a) (Vernon 2011). If the claimant does not serve an expert report and CV as required, the trial court must, upon the motion of the affected physician or health care provider,[5] dismiss the claim with prejudice and award reasonable attorney's fees and costs of court incurred by the physician or health care provider. *Id.* § 74.351(b); *See Ogletree v. Matthews*, 262 S.W.3d 316, 319-20 (Tex. 2007); *Otero v. Alonzo*, No. 13-10-00304-CV, 2011 WL 765673, at *2-*5 (Tex. App.—Corpus Christi Mar. 3, 2011, no pet.).

## C.    Appellee Did Not Timely Serve Reports Under Rule 21a

As noted, section 74.351(a) requires the claimant to "serve" the expert report within 120 days of the filing of the original petition. *Id.* § 74.351(a). This Court has interpreted the word "serve" in section 74.351(a) to require compliance with Texas Rule of Civil Procedure 21a. *Christus Spohn Health Sys. Corp. v. Lopez*, No. 13-13-00165-CV, 2014 WL 3542094, at *4 (Tex. App.—Corpus Christi July

---

[5]    It is undisputed that Dr. Konasiewicz sought dismissal with prejudice. (CR 157-58, 270; SCR 9, 16; 2 RR 31; 3 RR 14).

17, 2014, no pet.) (mem. op.); *Otero v. Alonzo*, No. 13-10-00304-CV, 2011 WL 765673, at *3 (Tex. App.—Corpus Christi Mar. 3, 2011, no pet.) (citing *Salinas v. Dimas*, 310 S.W.3d 106, 108 (Tex. App.—Corpus Christi 2010, pet. denied)); *see* TEX. R. CIV. P. 21a (1990).[6] Rule 21a authorizes service by one of four methods of delivery: (1) in person, by agent, or by courier receipted delivery; (2) by certified or registered mail to the party's last known address; (3) by telephonic document transfer to the recipient's current telecopier number; or (4) by such other manner as the court in its discretion may direct. *Id.*

Rule 21a provides that:

Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. Service by telephonic document transfer after 5:00 p.m. local time of the recipient shall be deemed served on the following day.

*Id.* Notice may be served by a party to the suit, an attorney of record, a sheriff or constable, or by any other person competent to testify. *Id.*

The party or attorney of record must certify to the court compliance with Rule 21a in writing over signature and on the filed instrument. *Id.* A certificate by a party or an attorney or record, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service. *Id.* Thus, Rule 21a sets

---

[6] Rule 21a was amended effective January 1, 2014. Those amendments do not apply, as the suit and the service dispute at issue arose in 2012. Further, at one time Appellee disputed that Rule 21a applies to the service of Chapter 74 expert reports. (CR 236-37). However, it appears that Appellee has acknowledged that Rule 21a applies. (*See* CR 378-81).

up a presumption that when notice properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee. *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987).

> However, that presumption may be rebutted by proof of non-receipt:

> Nothing herein shall preclude any party from offering proof that the notice or instrument was not received, or, if service was by mail, that it was not received within three days from the date of deposit in a post office or official depository under the care and custody of the United States Postal Service, and upon so finding, the court may extend the time for taking the action required of such party or grant such other relief as it deems just.

TEX. R. CIV. P. 21a; *Cliff*, 724 S.W.2d at 780. In the absence of evidence to the contrary, the presumption has the force of a rule of law. *Cliff*, 724 S.W.2d at 780. The presumption, however, is not "evidence" and it vanishes when opposing evidence is introduced that the letter was not received. *Id.*; *see Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (attorney's affidavit rebutted presumption of timely service of responses to requests for admissions).

Receipt is an element of service. *Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex. App.—Amarillo 2000, no pet.). "[I]mplicit in the concept of service is the need for the party upon whom an item is served to actually receive it." *Id.* "If receipt of the item was not implicitly required, then there would be no reason for those who drafted Rule 21a to state that nothing precluded a party from establishing non-receipt." *Id.* (applying Rule 21a and holding that, while record

showed that requests for admissions were mailed via certified mail, return receipt requested, the fact that those mailings were returned marked "unclaimed" negated the presumption of receipt and provided the court with a basis to conclude that the requests were not received); *Waggoner v. Breland*, No. 01-10-00226-CV, 2011 WL 2732687, at *2 (Tex. App.—Houston [1st Dist.] July 14, 2011, no pet.) (U.S. Postal Service letter stating that certified mail was returned "unclaimed" would be sufficient to rebut the presumption of service); *Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 381-82 (Tex. App.—Fort Worth 2005, pet. denied) (rejecting argument that proper service by mail under Rule 21a does not depend upon actual receipt by the addressee and that all Rule 21a requires of a serving party is to deposit the document in the mail; notice of hearing setting sent by certified mail and returned "unclaimed" did not provide the notice required by Rule 21a); *see also Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 928 (Tex. 1999) (concluding that non-movant had not been served with motion of nonsuit when presumption of receipt raised by certificate of service was rebutted by evidence of non-receipt).

### 1. *Dr. Konasiewicz's Evidence Precludes Application of Presumption of Timely Service*

Here, because Dr. Konasiewicz conclusively established service of the section 74.351 expert report on the 121st day following the filing of the Original Petition, no presumption of timely service of Appellee's expert reports arose.

Indeed, the evidence is both legally and factually insufficient to support the findings of fact numbers 6 and 7, and conclusion of law number 17; further, conclusion of law number 17 is legally erroneous.

In his initial objections, Dr. Konasiewicz asserted that Appellee had not timely served Dr. Barrash's report within the 120-day deadline: October 17, 2012. (CR 157-58). Dr. Konasiewicz established he had not even received the report until November 3, 2012. (*Id.*; CR 318-19).

Appellee responded, asserting that he served Dr. Konasiewicz with the report on October 17, 2012. (CR 234-36). To support this assertion, Appellee attached the affidavit of Nicole Stoner (the "Stoner Affidavit"), a paralegal for Appellee's counsel. (CR 247-49). In her affidavit, Ms. Stoner asserted that she mailed the reports on October 17, 2012:

> On October 17, out of an abundance of precaution, we mailed the Chapter 74 expert Report to Dr. Konasiewicz at the following addresses:
>
> a.  Stefan Konasiewicz
>     1227 3rd St.
>     Corpus Christi, Texas 78404-2313
>
> b.  Stefan Konasiewicz
>     1400 Ocean Dr. Apt. 904C
>     Corpus Christi, TX 78404-2196
>
> c.  Stefan Konasiewicz
>     William Beaumont
>     Army Medical Center
>     5005 N. Piedras St.

El Paso, Texas 79920

(CR 248). Ms. Stoner later testified that she placed the packages containing Dr. Barrash's report in the mailbox outside of the Nueces Bay Boulevard post office some time around 6:30 p.m. on October 17, 2012. (2 RR 46-50). She stated that she affixed the postage beforehand using an office machine, rather than having it done by the postal service. (2 RR 48).

By supplement, Dr. Konasiewicz provided conclusive evidence to the court that Appellee <u>did not</u> mail Dr. Barrash's report on October 17, 2012, as Appellee claimed; rather, Appellee mailed the report on October 18, 2012. (CR 261-325). Dr. Konasiewicz provided as exhibits the correspondence and mailing envelope from Appellee's counsel's office to Dr. Konasiewicz containing Dr. Barrash's report and curriculum vitae. (CR 303-06, 320-23). The mail label numbers 7011 0470 0003 1906 3604 and 7011 0470 0003 1906 3567 correspond to the articles mailed to Dr. Konasiewicz. (*Id.*).

Dr. Konasiewicz also provided the results from an inquiry on the United States Postal Service ("USPS") Tracking web page corresponding to the above-numbered articles. (CR 313-14). The USPS Tracking results showed that CMRRR Nos. 0470 0003 1906 3604 and 7011 0470 0003 1906 3567 were not actually received by the USPS until the late-afternoon (4:13 p.m.) of October 18, 2012 (rather than October 17, 2012 around 6:30 p.m.) at the Portland, Texas post

office (rather than the Nueces Bay Boulevard location). (CR 313-14). This conclusively established that Appellee did not deposit the articles at the Nueces Bay Boulevard post office on October 17, 2012 as claimed.

Dr. Konasiewicz also provided the affidavit of Tim Birrenkott, a 24-year employee of the USPS and current Supervisor of Customer Service Support. (CR 283-84). Mr. Birrenkott's affidavit conclusively established that the above-referenced items were, in fact, <u>not mailed</u> on October 17, 2012 at the main post office on Nueces Bay Boulevard. (*Id.*). Mr. Birrenkott reviewed Ms. Stoner's affidavits, the transcript of the May 8, 2013 hearing, the correspondence related to the above mailing, and the USPS Track & Confirm results. (*Id.*).

Mr. Birrenkott swore that the certified mail items referenced above "<u>were not deposited on October 17, 2012</u> in any mailbox at the main post office located at 809 Nueces Bay Boulevard in Corpus Christi, Texas, 78469." (CR 284) (emphasis added). Instead, the items were "tendered into the U.S. Mail at the Portland, Texas post office branch inside the post office <u>on October 18, 2012</u> at 4:13 PM. The items <u>would have had to be handed by the customer to an employee</u> of the Portland post office." (*Id.*) (emphasis added). Mr. Birrenkott further stated that if a certified mail item had been deposited at the main post office—as Ms. Stoner claimed—it would have been reported by the Track & Confirm system as

"accepted" at the main post office on Nueces Bay Boulevard in Corpus Christi. (*Id.*).

The evidence conclusively established that Dr. Konasiewicz was not timely served with expert reports. The deadline for Appellee to serve expert reports was October 17, 2012. The USPS Track & Confirm results and Mr. Birrenkott's affidavit proved that Appellee mailed the reports on October 18, 2012 from Portland, Texas. (CR 283-84, 313-14). *See Neiswender v. SLC Constr., LLC*, No. 13–11–00669–CV, 2012 WL 3046010, at *3 (Tex. App.—Corpus Christi July 26, 2012, pet. denied) (affidavit by counsel's legal assistant claiming mailing date of September 3, 2010—prior to limitations deadline—was directly controverted by affidavit of county postmaster, who affirmatively stated that item was mailed on September 7th or 8th, 2010); *see also Doyle v. Grady*, 543 S.W.2d 893, 894 (Tex. Civ. App.—Texarkana 1976, no writ) (affidavit of USPS employee sufficient to establish date of mailing of brief where it was not clear whether postmark was affixed by USPS or private postage meter).

At a minimum, the evidence precludes any application of the presumption of timely service under Rule 21a. Ms. Stoner admitted the postage meter date of October 17, 2012 was affixed by private postage meter, rather than stamped by the USPS. (2 RR 48). The USPS Tracking results and Mr. Birrenkott's affidavit

establish that Ms. Stoner's statements are not accurate or true in the following respects:

- the date the report was purportedly mailed (October 17th, 2012) (it was actually mailed October 18th 2012);

- that it was mailed sometime around 6:30 p.m. (it was actually mailed at 4:13 p.m.);

- that it was mailed at the Nueces Bay Boulevard post office (it was actually mailed at the Portland, Texas post office);

- that it was placed in a receptacle outside the post office (it was actually handed across the counter to an employee inside).

*Compare* (CR 248) and (2 RR 46-50) *with* (CR 283-84, 313-14). The Stoner Affidavit (and Ms. Stoner's testimony) are not prima facie evidence of service and thus cannot even give rise to a presumption of timely service. *See* TEX. R. CIV. P. 21a; *Rosales v. H.E. Butt Grocery Co.*, 905 S.W.2d 745, 748 (Tex. App.—San Antonio 1995, writ denied) ("A prima facie case represents the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true."); *In re Arnold*, No. 13–12–00619–CV, 2012 WL 6085320, at *3 (Tex. App.—Corpus Christi, Nov. 30, 2012, no pet.) (same); *Texas Beef Cattle Co. v. Green*, 862 S.W.2d 812, 813 (Tex. App.—Beaumont 1993, no writ) (date stamped by a private postage meter on the envelope containing the appellee's brief was

insufficient to overcome prima facie evidence of the postal service postmark which indicated that the brief had not been mailed before the filing deadline).

Appellee argued that "deposit" is dispositive, and that it matters not when the USPS actually stamps the mail as "accepted." (CR 378-81; 3 RR 22-30). But as Dr. Konasiewicz explained, Appellee's evidence does not give rise to any reasonable inference that it was *deposited* when Ms. Stoner claimed. (3 RR 26-28). Instead, the USPS Tracking results and Mr. Birrenkott's affidavit conclusively established that the report was *not deposited* at the Nueces Bay Boulevard location on October 17, 2012, but instead was mailed from Portland, Texas on October 18, 2012. (*Id.*; CR 283-84, 313-14).

At the second hearing on the motion to dismiss, Appellee also asserted that Mr. Birrenkott did not say the mail item was not deposited on October 17th. (3 RR at 28-29). But Mr. Birrenkott *did say just that*. Mr. Birrenkott affirmed that the items "**were not deposited on October 17, 2012** in any mailbox at the main post office located at 809 Nueces Bay Boulevard in Corpus Christi, Texas, 78469 . . . . ." (CR 284-85) (emphasis supplied). Mr. Birrenkott unequivocally stated that the items were tendered at the Portland, Texas post office branch "inside the post office **on October 18, 2012** at 4:13 PM." (*Id.*) (emphasis supplied). How Appellee could read these words any other way defies logic.

Further, Dr. Konasiewicz did not receive the reports until November 3, 2012. (CR 319). The USPS Track & Confirm Results indicate that CMRRR label numbers 0470 0003 1906 3604 and 7011 0470 0003 1906 3567 were delivered at 10:03 a.m. on November 3, 2012 in El Paso, Texas – long after the 3-day period provided for within Rule 21a. (CR 313-14). And Dr. Konasiewicz swore that he did not receive the reports until November 3, 2012. (CR 319). Even if Appellee established a presumption of "the fact of service"—which Dr. Konasiewicz disputes—the evidence of non-receipt within three days rebuts any presumption that the above-referenced articles were mailed on October 17, 2012. *See* TEX. R. CIV. P. 21a (proof that instrument was not received within three days rebuts presumption); *Cliff*, 724 S.W.2d at 780.

Appellee urged that the portion of Rule 21a allowing a party to rebut the presumption of service when the item is not received within three days does not establish the date of mailing or allow the court to provide any relief other than extending the time for the receiving party to respond. (3 RR 34-40). But the rule surely provides an alternative means to rebut any presumption that an item was mailed when alleged. (*See* 3 RR 38-42). *See also Neiswender v. SLC Constr., LLC,* No. 13–11–00669–CV, 2012 WL 3046010, at *3 (Tex. App.—Corpus Christi July 26, 2012, pet. denied) (affidavit by counsel's legal assistant claiming mailing date of September 3, 2010—prior to limitations deadline—was directly

controverted by affidavit of county postmaster, who affirmatively stated that item was mailed on September 7th or 8th, 2010); *Texas Beef Cattle*, 862 S.W.2d at 813. And if receipt is an element of service, *Payton*, 29 S.W.3d at 898, then surely a party is entitled to show that, based on a lengthy delay in receiving an item, it was likely not deposited when alleged. *See Bohannon v. Winston*, 238 S.W.3d 535, 538 (Tex. App.—Beaumont 2007, no pet.) ("[Rule 21a] . . . provides the trial court with the discretion to establish a date of service based upon the actual receipt of notice as opposed to the date of constructive delivery."). Further, Rule 21a does not speak only in terms of extending a deadline for the receiving party—here Dr. Konasiewicz—to act. Rather, that rule also allows the court to grant such other relief as it deems just. TEX. R. CIV. P. 21a. In this case, that relief is in the form of an order with findings of fact and conclusions of law that the report was served on October 18, 2012, to support the requested dismissal under Chapter 74 when a claimant fails to timely serve an expert report. What the court cannot do is use Rule 21a to extend the deadline for service of expert reports because that would directly contravene and rewrite section 74.351. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a), (c) (extensions may only be granted in two instances: (1) by agreement of the parties, or (2) by the court to cure a deficiency in a timely-served report); (3 RR 40-41).

Dr. Konasiewicz conclusively proved that Appellee did not mail Dr. Barrash's report on October 17, 2012. Appellee's evidence was legally and factually insufficient to even raise a presumption—or to support a finding or conclusion—that the report was mailed on that day. *See City of Keller*, 168 S.W.3d at 810; *Gonzales*, 69 S.W.3d at 825.

Alternatively, if Appellee raised the presumption of service, Dr. Konasiewicz's evidence conclusively contradicts, overcomes, or alternatively, rebuts that presumption. *See Neiswender*, 2012 WL 3046010, at *3. The evidence shows that the report was not mailed on October 17, 2012, the deadline for service of the expert report.

Thus, the trial court erroneously concluded that service of the section 74.351 expert report was proper, *Nexion Health*, 335 S.W.3d at 718, and further, erred in concluding that Appellee timely served Dr. Konasiewicz on October 17, 2012 with the report of Dr. Barrash, by depositing it into the mail at the United States Post Office at 809 Nueces Bay Boulevard, Corpus Christi, TX 78469. (*See* Findings of Fact Nos. 6 & 7, and Conclusions of Law No. 17 (SCR 14, 16-17)).

### 2. *Because Appellee Untimely Served the Report, the Trial Court Had No Discretion But to Dismiss Appellee's Suit With Prejudice*

Appellant conclusively established service of the expert report on October 18, 2012, the 121st day following the filing of the Original Petition. Because Appellee did not timely serve an expert report, the trial court had no discretion but to dismiss Appellee's suit with prejudice. TEX. CIV. PRAC. & REM. CODE § 74.351(a), (b); *Ogletree*, 262 S.W.3d at 319-20; *Otero*, 2011 WL 765673, at *2-*5.

This Court should reverse the trial court's order overruling Dr. Konasiewicz's objections regarding the timeliness of Appellee's expert report, dismiss Appellee's suit with prejudice, and remand to the trial court for a determination of Dr. Konasiewicz's reasonable attorney's fees and costs of court. TEX. CIV. PRAC. & REM. CODE § 74.351(b).

## CONCLUSION AND PRAYER

Appellee failed to timely serve a Chapter 74 report, entitling Dr. Konasiewicz to dismissal under the statute. Appellee's expert report was due October 17, 2012. Dr. Konasiewicz provided conclusive evidence that Dr. Barrash's report was mailed on October 18, 2012. The mailing labels, USPS Tracking results, and affidavit of a 24-year USPS supervisor conclusively established that Appellee mailed the item at 4:13 p.m. on October 18, 2012, by taking it inside the Portland, Texas post office. Therefore, under Rule 21a, Appellee's service of the report was October 18, 2012.

The Stoner Affidavit (and her testimony) are legally and factually insufficient to constitute prima facie evidence of the fact of service or raise any reasonable inference supporting any presumption of service on October 17, 2012. The USPS Tracking results and Mr. Birrenkott's affidavit wholly undermine and conclusively disprove Ms. Stoner's assertions that the report was mailed on October 17, 2012 at the Nueces Bay Boulevard post office. And even if the Stoner Affidavit gave rise to a presumption of service, Dr. Konasiewicz overcame that presumption with the aforementioned evidence. Dr. Konasiewicz also rebutted any presumption of service because the report was received 17 days after the alleged mailing, well past the three-day period contemplated in Rule 21a.

The trial court could come to only one conclusion based on the evidence before it: that Appellee did not timely serve her Chapter 74 expert report. The trial court erred in concluding service was timely based on a date of service as October 17, 2012, and abused its discretion in overruling Dr. Konasiewicz's objections to the timeliness of Appellee's expert report and request for dismissal with prejudice. This Court should reverse the trial court's order, dismiss Appellee's suit with prejudice, and remand for a determination of Dr. Konasiewicz's reasonable attorney's fees and costs of court.

**THEREFORE**, Appellant Stefan Konasiewicz, M.D. respectfully prays this Court reverse the trial court's order overruling Dr. Konasiewicz's objections

regarding the timeliness of Appellee's expert report, dismiss Appellee's claims with prejudice, and remand to the trial court with an order to determine and award Appellant's reasonable attorney's fees and costs of court. Appellant prays for all such other and further relief, whether general or special, at law and in equity, as this Court deems just.

Respectfully submitted,

**COOPER & SCULLY, P.C.**


By: /s/Diana L. Faust

    **DIANA L. FAUST**
    diana.faust@cooperscully.com
    State Bar No. 00793717
    **R. BRENT COOPER**
    brent.cooper@cooperscully.com
    State Bar No. 04783250
    **KYLE M. BURKE**
    kyle.burke@cooperscully.com
    State Bar No. 24073089

900 Jackson, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)

**ATTORNEYS FOR APPELLANT
STEFAN KONASIEWICZ, M.D.**


## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief of Appellant was prepared using Microsoft Word 2003, which indicated that the total word count (exclusive of those items listed in rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, as amended) is 6,308 words.

    /s/Diana L. Faust
    **DIANA L. FAUST**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of this Brief of Appellant on the following counsel of record, on the 19th day of March 2015, by the method indicated:

Mr. Robert C. Hilliard                                                                **VIA EFILE**
bobh@hmglawfirm.com
Mr. Rudy Gonzales, Jr.
rgonzales@hmglawfirm.com
Ms. Marion M. Reilly
marion@hmglawfirm.com
Ms. Catherine D. Tobin
catherine@hmglawfirm.com
Mr. John B. Martinez
john@hmglawfirm.com
Mr. T. Christopher Pinedo
cpinedo@hmglawfirm.com
Mr. Todd A. Hunter
todd@hmglawfirm.com
HILLIARD MUNOZ GONZALES, L.L.P.
719 S. Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
**Counsel for Appellee**

Mr. W. Richard Wagner                                                           **VIA EFILE**
rwagner@wagnercario.com
Mr. Peter Cario
pcario@wagnercario.com
WAGNER CARIO, L.L. P.
7718 Broadway Street
San Antonio, TX 78209
**Trial Counsel for Appellant**


                                    /s/Diana L. Faust
                                    **DIANA L. FAUST**

NO. 13-15-00060-CV

---

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI, TEXAS

---

STEFAN KONASIEWICZ, M.D.,
Appellant,

v.

JUAN GARZA,
Appellee.

---

On Appeal from County Court at Law No. 1, Nueces County, Texas
Cause No. 2012-CCV-61202-1
(Hon. Robert J. Vargas)

---

APPENDIX TO BRIEF OF APPELLANT

---

In compliance with rule 38.1(j) of the Texas Rules of Appellate Procedure,

Appellant Stefan Konasiewicz, M.D. submits this Appendix to his Brief of

Appellant containing the following items:

Tab A:  January 8, 2015 Order on Defendant Stefan Konasiewicz, M.D.'s Objections to Plaintiff's Expert's Report Pursuant to CPRC 74.351 *et seq.* (CR 405)

Tab B:  February 17, 2105 Court's Findings of Fact and Conclusions of Law (SCR 13-17)

D/923311v3

---

# APPENDIX TAB "A"

CAUSE NO. 2012 CCV 61202-1

| Juan Garza, | § | In the County Court |
|---|---|---|
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| Dr. Stefan Konasiewicz; Dr. Melissa | § | At Law No. One |
| Macias; Dr. Mathew Alexander, | § | |
| individually and as President of South | § | |
| Texas Brain and Spine Center; South | § | |
| Texas Brain and Spine Center, | § | |
| *Defendants.* | § | Nueces County, Texas |

---

**ORDER ON DEFENDANT STEFAN KONASIEWICZ, M.D.'S OBJECTIONS TO PLAINTIFF'S EXPERT'S REPORT PURSUANT TO CPRC 74.351 *et seq.***

---

After considering DEFENDANT STEFAN KONASIEWICZ, M.D.'S OBJECTIONS TO PLAINTIFF'S EXPERT'S REPORT PURSUANT TO CPRC 74.351 *et seq.*, and Plaintiffs response thereto, the Court OVERRRULES THE OBJECTIONS.

SIGNED on ___January 8___, 20_15_.

_____
PRESIDING JUDGE

# APPENDIX TAB "B"

CAUSE NO. 2012 CCV 61202-1

| Juan Garza, | § | In the County Court |
|---|---|---|
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| Dr. Stefan Konasiewicz and Dr. | § | at Law #1 |
| Mathew Alexander, Individually and as | § | |
| President of South Texas Brain and | § | |
| Spine Center, | § | |
| *Defendants.* | § | Nueces County, Texas |

*Court's*

~~PLAINTIFF'S~~ ORDER ON FINDINGS OF FACT AND CONCLUSIONS OF LAW

After a hearing held on this the 17th day of February 2015, and after considering all responses and objections and oral argument of all Counsel the Court enters the following Findings of Fact and Conclusions of Law:

## I. FINDINGS OF FACT

1. On June 19, 2012, Plaintiff filed his Original Petition and Requests for Disclosure.

2. Under Chapter 74 of the Texas Civil Practice and Remedies Code, Plaintiff had 120 days from June 19, 2012 to serve the party defendants named in Plaintiff's Original Petition with an expert report; 120 days from June 19, 2012 was October 17, 2012.

3. In his Original Petition, Plaintiff did not name Dr. Mathew Alexander as a party to the suit: Plaintiff did not assert a cause of action against Dr. Mathew Alexander in his Original Petition nor did Plaintiff list Dr. Mathew Alexander as a defendant in the style of the case for his Original Petition.

4. Plaintiff then filed his First Amended Petition on June 27, 2012. Plaintiff's First Amended Petition named Dr. Mathew Alexander individually and as President as South Texas Brain and Spine Center as a party to the suit; the First Amended Petition alleged

facts and causes of actions against Dr. Mathew Alexander and listed him as a defendant in the style of the case. June 27, 2012 was the first time Plaintiff sued and brought a cause of action against Defendant Dr. Mathew Alexander.

5. Under Chapter 74 of the Texas Civil Practice and Remedies Code, Plaintiff had 120 days from June 27, 2012 to serve Dr. Mathew Alexander with an expert report; 120 days from June 27, 2012 was October 25, 2012.

6. On October 17, 2012, Plaintiff timely served his Chapter 74 expert report, a report by Dr. Martin Barrash, on Defendant Dr. Stephen Konasiewicz by depositing it into the mail at the United States Post Office at 809 Nueces Bay Boulevard, Corpus Christi, TX 78469. The expert report was served on Dr. Konasiewicz postage paid by certified mail, return receipt requested.

7. Plaintiff has provided an affidavit of Nicole Stoner dated May 3, 2013, and the testimony of Nicole Stoner at the May 8, 2013, hearing confirming service of the Chapter 74 expert report on Defendant Konasiewicz by depositing the same with the United States Postal Service postage paid on October 17, 2012. The Stoner Affidavit and testimony are *prima facie* evidence that Plaintiff's Chapter 74 expert report was served on Dr. Stephen Konasiewicz on October 17, 2012, which is within the 120-day deadline established by Tex. Civ. Prac. & Rem. Code §74.351 for service of expert reports. *McQuade v. Berry*, 2012 Tex. App. LEXIS 10065 (Tex. App.—Fort Worth 2012, no pet.) (the patient's certificate of service constituted *prima facie* evidence that he served the expert report on the dentist). The May 21, 2014, affidavit from Tim Birrenkott, proffered by Defendant Dr. Stephen Konasiewicz, does not obligate a finding that the *prima facie* presumption has been overcome. *See Walker v. Packer*, 827

S.W.2d 833, 840 (Tex. 1992) (stating that to establish an abuse of discretion on a trial court's resolution of a factual issue, a party must show that the "trial court could reasonably have reached only one decision").

8.    Plaintiff timely served Defendant Dr. Mathew Alexander with Plaintiff's Chapter 74 expert report via facsimile on October 17, 2012, at approximately 6:28 p.m. Plaintiff had until October 25, 2012 to serve an expert report on Defendant Dr. Mathew Alexander, and his service of his expert report via facsimile on October 17, 2012, was therefore timely.

9.    On October 31, 2012, Defendants Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center, and South Texas Brain and Spine Center moved to dismiss Plaintiff's action, alleging that Plaintiff's Chapter 74 expert report was legally insufficient. Plaintiff filed a response on May 1, 2013.

10.    On November 28, 2012, Defendants Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center, and South Texas Brain and Spine Center filed and served a Second Motion to Dismiss addressing the timeliness of Plaintiff's Chapter 74 expert report. Plaintiff filed a response on May 1, 2013, and filed supplemental response on May 3, 2013. On May 8, 2013, Defendants filed their Reply in support of their Motion.

11.    On November 16, 2012, Defendant Dr. Stephen Konasiewicz filed his Objections to Plaintiff's expert report pursuant to Texas Civil Practice and Remedies Code § 74.351 et seq. On May 3, 2013, Plaintiff filed his Response to Defendant Dr. Stephen Konasiewicz's Objections.

12.    On May 8, 2013, the Court conducted a hearing and received evidence on the

Motion to Dismiss and the Objections. The hearing was limited to Defendants' complaints concerning the timeliness of Plaintiff's Chapter 74 expert report. The Court took the matter under advisement.

13.     On July 8, 2014, Defendant Dr. Stephen Konasiewicz filed a supplemental brief in support of his objections to Plaintiff's expert's report pursuant to Texas Civil Practice and Remedies Code § 74.351 *et seq.*, to which Plaintiff responded on January 2, 2015.

14.     On July 9, 2014, Defendants Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center, and South Texas Brain and Spine Center filed and served a Supplemental Brief in Support of their Second Motion to Dismiss. Plaintiff filed his Response to Defendants' Supplemental Brief in Support of Second Motion to Dismiss on January 2, 2015.

15.     On January 6, 2015, the Court conducted another hearing on the Motions to Dismiss and the Objections. The hearing was again limited to Defendants' complaints concerning the timeliness of service of Plaintiff's Chapter 74 expert reports.

16.     On January 8, 2015, this Court overruled Dr. Stephen Konasiewicz's Objections to the timeliness of Plaintiff's Chapter 74 expert report and denied Defendants', Dr. Mathew Alexander, Individually and as President of South Texas Brain and Spine Center, and South Texas Brain and Spine Center, Motion to Dismiss based on the alleged untimely service of the report.

## II. CONCLUSIONS OF LAW

17.     Plaintiff served his Chapter 74 expert report, by certified mail, on Defendant Dr. Stephen Konasiewicz's by depositing it into the mail on October 17, 2012, in accordance with Texas Rule of Civil Procedure 21a. When a document is served by

certified mail, service is "complete upon **deposit** of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service." *Kendrick v. Garcia*, 171 S.W.3d 698, 704 (Tex. App.—Eastland 2005, pet. denied) (emphasis added).

18. Plaintiff served his Chapter 74 expert report on Defendant Dr. Mathew Alexander within the 120-day deadline mandated by Texas Civil Practice and Remedies Code Section 74.351(a) because the operative pleading asserting a cause of action against Dr. Mathew Alexander was Plaintiff's First Amended Petition. *Hayes v. Carroll*, 314 S.W.3d 494 (Tex. App.—Austin 2010, no pet.) (reasoning that if a defendant has not been added to a case, there has yet to be a lawsuit filed against that defendant).

This Court's rulings are subject to review under an abuse of discretion standard. *McQuade v. Berry*, 2012 Tex. App. LEXIS 10065 (Tex. App.—Fort Worth 2012, no pet.).

19. This Court's rulings are subject to review under an abuse of discretion standard. *McQuade v. Berry*, 2012 Tex. App. LEXIS 10065 (Tex. App.—Fort Worth 2012, no pet.).

Date: _February 17, 2015_

_____
HONORABLE JUDGE ROBERT VARGAS